## GEORGE CULBERT v. IRA TAYLOR.

STRAYS—*When bond to be given.* The bond required by section 6, chap-
ter 105, General Statutes, is based upon the value of property as as-
certained by proceedings under sections 9, 10 and 11 of the same act,
and is not to be given until their termination.

### *Error from Crawford District Court.*

TAYLOR brought replevin against *Culbert* before a jus-
tice of the peace to recover two head of swine. The
plaintiff had judgment. *Culbert* appealed to the district
court, and there, on leave, filed an answer to the plain-
tiff's petition, or bill of particulars. The answer set up
as a defense, that the swine had been taken up by defen-
dant under the stray laws, and that he, defendant, was
entitled to the possession of said swine by reason of his
having acquired *a lien* on them, under said stray laws,
for the expenses incurred in taking up and posting them
as required by the statute. It also alleged that the swine
were taken up on the 8th of June, and were replevied by
the plaintiff on the 10th. It was conceded that the an-
swer shows a compliance with the provisions of Art. 3
of ch. 105, Gen. Stat., so far as relates to the terms and
conditions upon which strays may be taken up, except
that the defendant did not give the bond required by § 6
of said chapter. The answer also alleged that plaintiff
had not made any demand of defendant for the swine
before commencing his action to recover them. The
plaintiff demurred to the defendant's answer.

The district court, at the May Term, 1870, sustained
the demurrer, holding and deciding, that § 6, ch. 105,
was jurisdictional; that the words were negative and
prohibitory, " *No person shall take up,*" etc.; that the true

rendering of said section was, that *no one* but "a citizen" or "householder" could take up a stray under any circumstances, and that before any such person could do so he must give "a bond to the State;" that the omission to provide a mode for ascertaining "the value of the property *proposed* to be taken up," in order to fix the amount of "the bond," could not operate so as to dispense with the bond, which the statute declared must be given *before* the "stray" could be interfered with; that whoever took up a stray without giving such bond as said § 6 required, was a trespasser; and that as defendant's answer did not show that the bond had been given, it did not show that the defendant had acquired any lien upon or legal right to the possession of the property. Judgment was given upon the demurrer in favor of the plaintiff, and the defendant brings the case to this court on error.

*John T. Voss,* and *M. V. Voss,* for plaintiff in error:

1. It is said that the answer was defective in not showing a compliance with § 6, p. 1003, Gen. Stat. This section requires a bond with sufficient surety to the State, for the use of the owner, in double the value of the property taken up. There seems to be a *casus omissus* in this statute, in this, that it does not provide any mode of ascertaining the value of the property, nor does it specify in words the particular time allowed in which to file the bond, nor to whom it shall be delivered or deposited with. The value is to be ascertained by the justice before whom the person *wishes to post* such stray. What does the word *post* mean in this connection? By § 9, the first time the taker-up is required to appear before the justice is ten days after taking up. Now as the statute is ambiguous, or uncertain, it becomes the

duty of this court to construe it, and such a construction should be placed upon it, if possible, as will make it harmonious and to effectuate the object intended.

Under the construction given to § 6 by the court below, no animal could be secured or placed in confinement until the taker-up should first go to a justice of the peace, and bring him upon the premises where the animal *proposed* to be taken up, was wandering at large, and point it out to the justice and inquire what its value was, and inform the justice that he had not taken it up, but that he proposed to take it up; and after the justice had fixed a value, then upon executing a proper bond, he could take the animal into his possession and proceed to post it. This construction would defeat the whole law and render its provisions nugatory.

The proper construction of this statute does not require the bond until ten days after the stray has been in the possession of the person who proposes to take it up. What do the words "take up," as used in the first line of § 6, mean? Do they mean the simple taking possession of the animal? Merely taking possession of an animal and placing it in confinement in a pen or other enclosure is not to "take up any horse, etc., under the provisions of this article." The "provisions of this article," require something more than a mere taking into possession. A stray is not taken up, in the sense of § 6, until it has been advertised, and the value ascertained by the justice, in the manner and by the means the statute has pointed out for him to ascertain that value. An affidavit must be filed before him, stating certain things, and among them that the stray has been posted. When it has been duly posted for ten days, and the value ascertained, then the time for filing the bond has arrived; then the evidence that it has been posted, is for the first

time before the justice; then he has jurisdiction to issue his summons to three disinterested householders, and in that mode to ascertain the value; then there is evidence that the stray has in fact been taken up "under the provisions of this article," and then the bond must be filed, and need not be before.

2. It is said the object of the bond is, that the party may not dispose of the stray in the ten days, but that he will comply with the stray law; that the bond is the beginning, and is for the faithful performance of all the other steps to be taken.

Our reply to this is, that the statute does not say so. On the contrary, it is silent upon that subject, and it is mere ingenious conjectures that tell us what the object of the bond is. If this was the object of the bond, then it should have run to the *county* as well as to the *owner ;* for if the title vests in the taker-up, one-half the value goes to the county (§ 19) and the other half to the taker-up. Sec. 18 confiscates the property, and divides it between the taker-up and the county. Undoubtedly the statute might properly require a bond for the faithful compliance with the law by the person taking up the stray; and if the statute did require such a bond then we might be able to say what the object of the bond was. But when there is no provision as to what the conditions or terms of the bond shall be, it is impossible to say, with legal certainty, what in fact the bond should contain.

3. But even if a bond should have been filed, its omission is no reason for sustaining the demurrer. If the animal was taken up as a "stray," then it came lawfully into the possession of the plaintiff in error, and a mere nonfeasance does not render a lawful taking wrongful *ab initio.*

*Geo. A. Black,* for defendant in error.　No brief filed.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin brought by defendant in error to recover the possession of two hogs.　The petition alleges ownership and right to possession in plaintiff, and wrongful detention by defendant. The answer, containing no denial, alleges a seizure and taking-up under the stray law.　A demurrer to the answer was sustained, and no amendment being asked, judgment was rendered in favor of the plaintiff for possession, and one cent damages.　To reverse that judgment this proceeding in error is brought.

The answer alleges that the property was taken up by the defendant on the 8th of June, at 5 P. M., and taken from him on the 10th of June, by the writ of replevin herein.　It alleges the performance by defendant of all the steps necessary to make a lawful "taking up" under said laws, except the giving of a bond as required by § 6, of ch. 105, (Gen. Stat., p. 1003,) and that the property was replevied without any demand.　The question turns on the construction to be given to said § 6.　Is a party taking up a stray required to give bond?　If so, when must he give it?　The statute. requires the person proposing to take up a stray to "enter into bonds, with sufficient sureties to the State of Kansas, for the use of the owner, in double the value of the property."　The condition of the bond is not set forth.　The language is plain, free from ambiguity, and requires a bond.　Whether that bond shall be an absolute obligation, or one with a condition which may be supposed to express the intention of the legislature, is a question upon which we express no opinion till the matter is fairly presented.　The sufficiency

of a bond is one question; the existence of one, another. Here no bond was given. We hold that the statute requires one. When must that bond be given? Section six reads as follows:

"SEC. 6. No person shall take up any horse, * * * swine, or other animal, under the provisions of this article, unless he be a citizen and householder, and enters into bonds, with sufficient sureties to the State of Kansas, for the use of the owner in double the value of the property proposed to be taken up, to be ascertained by the justice before whom the person wishes to post such stray, which bond shall be filed and preserved by such justice."

A literal construction of this statute would seem to require the giving of the bond before the seizure of the stray. But such construction would practically nullify the statute. It seems to us the difficulty can be avoided by considering this section as prescribing the conditions upon which a party may avail himself of the provisions of this law, rather than as declaring the time at which those conditions must be performed. "No person shall take up, * * * unless he be a citizen and householder." That is, only citizens and householders can avail themselves of the provisions of this article. "Unless he enter into bonds;" that is, one condition is the giving of a bond. Against this view is the clause, "in double the value of the property *proposed* to be taken up." If these words, "taken up," refer simply to the manual seizure, as they do when used in other sections of this act, then there is great difficulty. But if they are used in a more enlarged sense, as referring to the completion of all the steps which the law imposes on the taker-up, then the difficulty ceases. In support of this last view is the fact that this section contemplates that the value of the property shall be ascertained by a justice of the peace, but fails to provide how such justice shall proceed to

ascertain the value, while section nine requires the party, at the expiration of ten days, to go before a justice and institute proceedings which result in an ascertainment of the value. Is it not more reasonable to suppose that the legislature had in view this value, thus to be ascertained by prescribed proceedings before a justice, as the basis of the required bond, than that they contemplated another ascertainment of value, at a different time, perhaps by a different justice, and with no method of procedure prescribed? It seems to us this is the proper construction. It supports the statute, and renders it practical to comply with its requirements. The basis of the bond, then, being the value ascertained by the justice at the expiration of ten days from the seizure, the bond is not required until that time. The demurrer was improperly sustained, and the judgment of the court below must be reversed.

KINGMAN, C. J., concurring.

VALENTINE, J., dissenting.