No. 19,520.

ZELORA ROBERTS, *Appellee*, v. THE CHARLES WOLFF
PACKING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Measure of Damages for
   Injuries—Statutes.*  In case of partial incapacity the rule
   for measuring compensation due to an injured employee,
   under the workmen's compensation act, is prescribed in sec-
   tion 12 of that act, while the limitations as to the amount of
   recovery are fixed by section 11 of the act.

2. SAME.  In the action of plaintiff for compensation it was
   agreed that his average earnings prior to the accident were
   $12 per week, and it was found that the average amount which
   he would probably be able to earn after the accident was $3
   per week; his compensation, therefore, under the act would
   be fifty per cent of the difference in the earnings before and
   after the accident, to wit, $4.50 per week.

3. SAME—*Judgment for Lump Sum—No Reduction to be Made
   for Immediate Payment.*  While an employer may be allowed
   redemption from liability under an award of compensation
   in the form of periodical payments by paying eighty per
   cent of the amount of payments that will become due, and
   while an employee who has been awarded compensation in
   periodical payments by agreement or arbitration may ask for
   and obtain judgment against the employer for eighty per
   cent of the sum of the payments due and to become due in
   cases where there is doubt as to the security of his compensa-
   tion, these provisions have no application in an action for
   compensation where the court, in the exercise of its discre-
   tion, enters judgment for a lump sum in the first instance.

4. SAME—*Notice of Accident—Presentation of Claim—Waiver.*
   An employer may waive the requirements that notice shall be
   given to him by an employee of an accident within ten days
   after the accident occurs and that the claim shall be presented
   to him within three months after the accident, and, *held,* that
   the defendant herein by its acts and statements waived the
   failure of plaintiff to make a claim for compensation within
   thre three-months period.

Appeal from Shawnee district court, division No. 2;
GEORGE H. WHITCOMB, judge.  Opinion filed June 12,
1915.  Modified.

*Edwin A. Austin,* of Topeka, *Adrian F. Sherman,* and *Thad. B. Landon,* both of Kansas City, Mo., for the appellant.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Zelora Roberts, an employee of The Charles Wolff Packing Company, fell into an elevator shaft which was insufficiently protected and sustained severe injuries. He brought this action under the workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216), alleging that he had been totally disabled from performing work from July 15, 1913, when he was injured, until July 1, 1914, and that he would always be partially incapacitated from performing physical labor. It was agreed that the amount earned by a person in the grade of employment in which plaintiff was engaged was $12 a week, and defendant proposed to pay fifty per cent of that sum in periodical payments from July 29, 1913, with the interest then due, and to continue such payments until July 1, 1914, and also to confess judgment for periodical payments thereafter as upon an award until it might be reviewed, modified or canceled as provided by the governing statute, but the offer was denied. The defendant then answered, alleging that its only liability to plaintiff, according to the provisions of the workmen's compensation act, was for compensation during total incapacity equal to fifty per cent of the average weekly earnings of persons engaged in the same grade of work that plaintiff was doing at the time of the accident, and in case of partial incapacity periodical payments of from twenty-five to fifty per cent of the average weekly earnings to be continued, subject to cancellation or modification depending on the condition and capacity of the plaintiff, but that defendant

,was not liable to plaintiff in any event for judgment in a lump sum. It was further alleged that plaintiff had failed to give notice of the accident within ten days after it occurred or to make claim for compensation within three months after the accident, and that the failure to do so was a bar to the maintenance of the action as the failure was not due to any incapacity or other reasonable cause. The case was tried on an agreed statement of facts supplemented by a little oral testimony as to the nature and extent of the injury sustained by plaintiff, its effect upon him, and the part taken by the officers of the defendant at the time the plaintiff was injured. At the close of the testimony the defendant moved the court to take the case from the jury and render judgment in favor of plaintiff for $195 and for weekly payments thereafter of $6 a week as an award until judgment should be modified as provided in the act. The motion was overruled and the jury returned a verdict fixing the amount of recovery at the lump sum of $2474.87. Afterwards, on motion of the defendant, the court modified the judgment, reducing it from the amount stated to $1979.90, which the court determined was the present value of the award made by the jury, to wit, eighty per cent of the amount named in the verdict.

In behalf of the defendant it is insisted that the failure to present a claim for compensation within three months after the accident completely bars a recovery under the provisions of the act. It is provided that a proceeding for the recovery of compensation can not be maintained unless written notice of the accident is given within ten days thereafter and unless a claim for compensation has been presented within three months after the accident, or in case of death within six months from the date thereof. It is further provided that the absence of notice or any defect shall not be a bar unless the employer has been thereby prejudiced or if the failure to make a claim was occasioned

by mistake, physical incapacity or other reasonable cause. (Laws 1913, ch. 216, § 6.) Apart from the fact that the defendant and its officers knew the circumstances and extent of the injury and plaintiff was treated by defendant's physician, there were admissions of liability and offers to confess judgment as well as motions that judgment be awarded in favor of plaintiff and against defendant for limited sums provided it was awarded in the form of periodical payments. The defendant thereby waived the failure of the plaintiff to make a claim within the prescribed time or at a time earlier than it was made. The plaintiff would not have been warranted, under the circumstances, in offering proof that there was reasonable cause for the delay when the defendant had already admitted liability under the law and had asked that judgment be awarded to plaintiff and against the defendant.

It is next contended that the court erred in denying the motion for periodical payments as in an award and in giving judgment for a lump sum in favor of the plaintiff. It is said that the act contemplates periodical or weekly payments of compensation upon the scale therein prescribed, and that whether the amount of compensation is determined by the parties themselves, by arbitrators or by courts and juries, the award must be made in the form of periodical payments, and that such payments are subject to modification, review or cancellation in accordance with the changing conditions and capacity of the employee. Three methods are provided for settling the compensation to be awarded workmen under the act: First, agreement of the parties; second, arbitration; and third, action in court. Evidently the legislature contemplated that most of the cases would be settled by agreement of the parties in accordance with detailed provisions made in the act for measuring the compensation to be paid. In case differences should arise it was provided that compensation should be settled by arbitrators selected by the

parties, who should not be bound by technical rules of procedure or evidence in reaching their decisions. It is provided that awards by agreement or by arbitration shall be in writing and be filed in the office of the clerk of the district court and be subject to cancellation by the judge of the district court if it be made to appear that the workman is not disabled but is earning the same or higher wages as before the accident, or where the awards were obtained by fraud or undue influence, or on account of the lack of authority or misconduct of the committee or arbitrator, or that the award is grossly inadequate or excessive, or that the employee absents himself so that a reasonable examination of his condition can not be made, or where he goes beyond the boundaries of the United States or Canada. There is another provision that after an agreement or award the district court may, upon application of an employee and a showing that there is doubt as to the security of the employee's compensation, give a judgment to the employee for eighty per cent of the payments due and unpaid and prospectively due under the agreement or award, but that if the employer shall give a good and sufficient bond to secure the making of the payments no execution shall issue on the judgment as long as the employer continues to make payments as provided in the original agreement or award. Another provision is that an employer after making payments for six months may redeem his liability under an award or agreement by the payment of eighty per cent of the amount stipulated or awarded, which payment shall operate as a release and discharge from all liability on account of the injury. After providing for cases where the compensation is fixed by the stipulation of parties or by arbitrators provision is made for the third class of cases. It is enacted that in default of agreement or arbitration compensation may be determined and enforced by an action in court in which a jury may be had upon the demand of either party, and that judgment, if

it be in favor of the plaintiff, may be in a lump sum equal to the amount of the payments that would be due under the provision of the act, or, in the discretion of the district judge, the judgment may be for periodical payments as in an award. While the rules for measuring the average earnings of an employee and for determining the compensation to which he is entitled are the same in a case tried before a court and jury as in cases settled by agreement or arbitration, the judgment for a lump sum rendered by a court is enforceable by execution at once and is not open to modification as the condition of the employee may change or his earning capacity increase. The theory of the legislature manifestly was that cases would arise in which the condition of the employee would be so marked that there would be little reason to anticipate improvement in earning capacity, and that the circumstances would be such as would warrant the court in giving judgment for a lump sum available at once rather than for periodical payments, as in an award. The kind of judgment that is to be rendered was left to the discretion of the trial court. The question now contended for was presented in *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244. It was there insisted that the theory of the act was that compensation should cease and payments should end when incapacity ceased, and the case should be left open so that employers might obtain modification of the payments as the condition of the employee should improve. The answer to that contention was that:

"The workmen's compensation act confers express power upon the trial court to render judgment in a lump sum instead of making an award of periodical payments. In every case the trial court must exercise its judgment and discretion as to the best method of making compensation in the light of all the facts, and the result will not be disturbed on appeal except for an abuse of the power." (Syl. ¶ 5.)

In the more recent case of *Cain v. Zinc Co.*, 94 Kan. 679, 146 Pac. 1165, it was held that:

"Whether the judgment in such a case shall be for a lump sum, or for periodical payments, is expressly left to the discretion of the trial court."   (p. 680.)

In arriving at its judgment the court considers the testimony as to the nature of the injury, its effect on the earning capacity, the duration of the incapacity and the likelihood of cure or improvement; and from all pertinent facts brought to its attention it determines whether the judgment shall be for periodical payments or for a lump sum on which payment may be enforced at once.   According to the evidence the injury to the plaintiff was a fracture of the neck of the left femur, which had the effect of shortening the leg three-fourths of an inch.   It impairs plaintiff's ability to move his leg in certain directions, and the effect is permanent in character.   It can not be said that there was an abuse of discretion in the refusal of the court to provide for periodical payments.

There is complaint that the court omitted to state the rule for measuring the difference in the average earnings of the employee before the accident and what he can probably earn after the accident, as provided in section 12 of the act.   The instruction only purported to state the limitations of recovery for partial incapacity and in that respect was complete.   The rule for determining the earning capacity after the accident as compared with what it was before the accident was accurately stated in instruction seven, in which the rules and limitations to be applied in measuring compensation in cases of total and partial incapacity were fairly stated.

There is good reason, however, to complain of the amount allowed as compensation.   It was agreed that the average earnings of plaintiff before the accident should be regarded as $12 per week, and the jury found that the average wage which the plaintiff would prob-

ably be able to earn in the future was $3 per week. The rule for measuring compensation where there is partial incapacity is stated in section 12 of the act as follows:

"In the case of partial incapacity the payments shall be computed to equal, as closely as possible, fifty per cent of the difference between the amount of the 'average earnings' of the workman before the accident, to be computed as herein provided, and the average amount which he is most probably able to earn in some suitable employment or business after the accident, subject however, to the limitations hereinbefore provided." (Laws 1911, ch. 218, § 12.)

In section 11 of the act as amended it is provided that:

"When partial incapacity for work results from injury, periodical payments during such incapacity, commencing at the end of the second week, shall not be less than twenty-five per cent, nor exceed fifty per cent, based upon the average weekly earnings computed as provided in section 12, but in no case less than three dollars per week or more than twelve dollars per week; provided, however, that if the workman is under twenty-one years of age at the date of the accident and the average weekly earnings are less than $10.00 his compensation shall not be less than seventy-five per cent of his average earnings. No such payment for total or partial disability shall extend over a period exceeding eight years." (Laws 1913, ch. 216, § 5.)

Some confusion arises because the rule for measuring compensation in cases of partial incapacity is placed in the section following the one providing limitations on the amount of recovery. Section 12 prescribes the rule for finding the loss of earning capacity by reason of the injury. It is not easy to determine the wage that the injured employee will be able to earn after the accident, but the court is to ascertain, as the legislature says, "as closely as possible," what his earnings will be in his injured condition and the compensation is to be fifty per cent of the difference between the average earnings before and after the ac-

Roberts v. Packing Co.

cident but in no case to be lower than the minimum nor higher than the maximum limitation prescribed in section 11. In this case it was found that the period of total incapacity would extend until July 1, 1914, which entitled the plaintiff to fifty per cent of the average earnings, and this was found to amount to $290.87, and about this measure there is no complaint. For each of the seven years following he was given the full fifty per cent of his average earnings, or $6 per week, without regard to the amount he would be able to earn in his injured condition. This amounted to $312 per year. Under the law, however, he was only entitled to fifty per cent of the difference between the average earnings before the accident and his probable average earnings after the accident. The difference, as we have seen, was $9 per week, and he was only entitled to fifty per cent of that amount, or $4.50 per week, which would entitle him to $234 per year or $1638 for the seven years. This measure of compensation falls within the limitations prescribed in section 11 and conforms to the legislative rule where there is partial incapacity. The amount of the verdict must, therefore, be reduced from $2474.87 to $1928.87, which is composed of $290.87 for the period of total incapacity and $1638 for the period of partial incapacity.

The court, however, held that the judgment being given in a lump sum only eighty per cent of the compensation measured by the jury could be allowed, and of this holding plaintiff complains. The act provides that in cases of agreement or award in the form of periodical payments and there is doubt of the security and danger of loss to the employee the court may order the immediate payment of an amount equal to eighty per cent of the payments due and to become due unless a bond to secure the payments is given by the employer. (Laws 1911, ch. 218, § 31.) There is another provision of the act that an employer who has made payments for a period of six months may obtain redemp-

tion from liability and a complete release and discharge from any further liability on account of the injury by paying eighty per cent of the payments which may become due under the award. (Laws 1911, ch. 218, § 33.) These provisions apply only in case of agreement or award in which periodical payments are adjudged, and have no application to cases where a judgment in a lump sum is given in the first instance. In such cases the amount due at present is found and determined, and the court is not authorized to reduce the amount so determined on the theory of finding its present value. The theory of the statute is that all reductions have been made and that the recovery as determined is to be placed in a judgment which will be enforceable at once by execution. Having determined that the judgment should be rendered in a lump sum it became the duty of the court to render judgment for the amount found due without any discounts or reductions.

The case is therefore remanded with directions to modify the judgment rendered by entering a judgment for plaintiff in the sum of $1928.87, and, so modified, it is affirmed.