No. 19,865.

CLIFFORD ACKERSON, *Appellee*, v. THE NATIONAL ZINC COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Sufficient Notice of Accident to Employer.* In an action to enforce compensation for an injury to an employee the employer can not be regarded to have been prejudiced by the failure of the employee to give him formal notice of the injury within ten days after it occurred where the foreman of the employer knew of the accident when it happened and sent the employee to the employer's physician who examined and treated him.

2. SAME—*Sufficient Claim for Compensation Made under Workmen's Compensation Act.* An action was brought by an employee against his employer to recover damages for an injury sustained in the course of employment within three months after the accident occurred, and in his petition the employee alleged the nature of the injury, the extent of the disability, his earning capacity before the injury and the loss resulting from it. Thereafter he amended his petition and asked for compensation for the injury sustained under the compensation act. *Held*, that the action as first brought, although irregular, served the purpose of the statutory requirement that the employee shall make a claim for compensation within three months after the accident.

3. SAME. It is unnecessary to make a claim or a demand of compensation when the adverse party denies any liability or where by reason of the acts and attitude of such party it would be unavailing if made.

4. SAME—*Workmen's Compensation Act—Methods of Obtaining Compensation.* An averment that the employee had previously endeavored to have the compensation adjusted by agreement or by arbitration is not essential to the maintenance of an action to enforce compensation, and the statute does not require that an effort to agree on compensation or to procure it by arbitration is a prerequisite to the bringing of an action to enforce it.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed December 11, 1915. Affirmed.

*Adrian F. Sherman, Thad B. Landon,* both of Kansas City, Mo., *E. S. McAnany,* and *M. L. Alden,* both of Kansas City, for the appellant.

*W. W. McCanles,* and *Robert H. Worline,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action compensation was awarded under the workmen's compensation act. (Laws 1911, ch. 218; Laws 1913, ch. 216.) Clifford Ackerson was working for The National Zinc Company, and while so engaged his leg and foot were burned by hot ore so that the flesh fell from the bone. It is conceded that both parties were operating under the compensation act. The injury was sustained on July 30, 1913, and on September 29, 1913, Ackerson brought an action to recover damages, claiming that the injury was the result of negligence on the part of the company; but on April 22, 1914, he amended his petition and asked for compensation for permanent disability under the compensation act. He alleged that the parties had not agreed on compensation and that no award had been made, and, further, that he had served no written notice of the accident as defendant knew of the same and was not prejudiced by his failure to give it. In the answer defendant alleged that plaintiff's injury was slight and did not disable him as long a period as two weeks and hence no recovery could be had under the act. It was also alleged that no notice of the injury had been given within ten days after it occurred and that no claim had been made for compensation under the act within three months after the accident, and, therefore, a recovery of compensation became wholly barred.

As to the notice of the injury it appears that it was brought to the attention of the foreman of the company at once, who sent plaintiff to the physician employed by the company who examined and treated the injury at the time and who afterwards visited the plaintiff at his home. Aside from that plaintiff sent a note by his wife to the company within a week after the accident occurred in which he stated that he had been injured and was unable to go down town and asked the company to send him his pay check for services previously rendered. The defendant appears to have been fully informed as to the accident and the character of the injury and certainly it was not prejudiced because formal notice was not given. A defect in the notice or in its service is no bar to a recovery unless prejudice has resulted to the employer because of such defect. (Laws 1911, ch. 218, § 22, amended by Laws 1913,

ch. 216, § 6; *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413.)

It is next contended that plaintiff did not give notice that he would claim compensation within three months after the accident. If the notice of the injury is to be treated as something apart from notice of the claim for compensation, and if the provision that lack or defect in notice is not a bar to recovery if the employer suffers no prejudice is not applicable to a claim of compensation, it may still be held that a recovery was not barred in this instance. It was held in *Roberts v. Packing Co.*, supra, that an employer may waive the requirement as to notice and claim of compensation and that a motion of the defendant asking that a limited amount be awarded to plaintiff operated as a waiver of the failure of the plaintiff to make a formal claim. In this case, after raising the question that notice and claim had not been made the defendant moved the court to make an award of weekly payments, allowing the plaintiff $223.50 up to the time of judgment upon which execution might issue at once, and $852 to be paid at the rate of $3 per week and staying execution on the latter sum as long as the payments were regularly made by the defendant. Later the defendant asked the court to reduce the judgment and award the plaintiff eighty per cent of the verdict and to allow the judgment to be discharged by the payment of the reduced amount. Although the defendant had previously objected to any allowance and had moved to vacate the verdict on various grounds, it finally took the inconsistent position of asking the court to make an award of weekly payments for an amount less than that fixed by the jury. Within the authority of *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413, this is a practical waiver of an omission to make a claim within the prescribed time. Besides, as we have seen, the defendant had notice of the injury and through its physician had undertaken to repair it. The common-law action brought by plaintiff to recover damages informed the defendant of the nature of the injury, the extent of the disability, his earning capacity and the loss which resulted from the injury, and, further, that plaintiff looked to the defendant to compensate him for that loss. It is true that he asked for damages rather than compensation, but the averments of the petition afforded the de-

fendant notice and information which served the purpose of the statute as effectually as would an express demand for compensation. The manifest purpose of the notice and claim is to give the defendant an opportunity to ascertain the nature and extent of the injury and to adjust the compensation with the employee if it can be done, and if it can not be so adjusted to obtain and preserve the evidence so as to make a proper defense against an action to be brought by the employee. The petition filed by the plaintiff appears to fully answer these purposes. In its answer the defendant alleged a failure to give notice and claim, but in the same pleading it specifically stated that the injury did not disable the plaintiff as long as two weeks, that he was not wholly or partially incapacitated from labor by the injury, and hence was not entitled to compensation. That being the attitude of the defendant a claim or demand by plaintiff would have been useless, and the general rule is that where a demand would have been unavailing if made proof of demand and refusal is not essential. (*Raper v. Harrison,* 37 Kan. 243, 15 Pac. 219; *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.,* 49 Kan. 399, 30 Pac. 456; *Chapin v. Jenkins,* 50 Kan. 385, 31 Pac. 1084; *Barton v. Mulvane,* 59 Kan. 313, 52 Pac. 883.)

It is clear that the defendant is not in a position to insist upon a reversal of the judgment because of omission or defect in notice of injury or in demanding compensation, and it is equally clear that it suffered no prejudice because of such omission or defect.

There is a further contention that an action in court is not available until an effort has been made to adjust compensation by agreement or arbitration. The statute provides three methods of providing and determining the compensation to be made: one, by agreement; another, by arbitration; and it is provided that compensation may, "in default of agreement or arbitration, be determined and enforced by action in any court of competent jurisdiction." (Laws 1911, ch. 218, § 36.)

The statute does not provide that an effort to agree or to procure an arbitration is a prerequisite to the bringing of an action. It is true that in most cases compensation is adjusted by agreement, but adjustment by either agreement or arbitration involves the voluntary action or consent of the parties, and

Ackerson v. Zinc Co.

nothing in the act indicates that either is or can be compelled to adopt one method of adjustment rather than another or that an effort to obtain one must be made before another is available.

Our determination of the questions considered disposes of most of the objections to the instructions, and some of them are answered in *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413, and other decisions interpreting the provisions of the compensation act.

The power and propriety of giving judgment for a lump sum have received sufficient consideration in earlier cases. The trial courts are vested with discretion whether compensation should be awarded in that form or in weekly payments. It is, of course, a legal discretion which is to be exercised in conformity with the spirit of the law and in a way that will best promote the ends of justice. One method is not to be chosen in preference to another arbitrarily or merely to suit the convenience or to lessen the labors of the judge, but he is to consider the circumstances developed in the trial and apply the method which will most effectually promote the welfare of the parties. Some of the governing considerations are stated in *Roberts v. Packing Co.*, supra, and still others may be readily imagined which would appeal to the sound discretion and best judgment of the trial court. In case the judge acts arbitrarily and abuses the discretion vested in him the error may be corrected on appeal. It is true that it is not always easy to show that judicial action although arbitrary is not an exercise of judgment, not easy to show it is an abuse of discretion, but the difficulty of obtaining a review of such decisions will prompt courts to give thoughtful and careful consideration to the evidence and do what is reasonable and just under the circumstances. As has been said:

"It is to be expected that district courts will act cautiously and candidly and not render lump-sum judgments for any other reason than that the welfare of the parties requires it." (*McCracken v. Bridge Co.*, ante, pp. 353, 356, 150 Pac. 832.)

We find nothing substantial in the objections to the instructions or to the findings of the jury, nor any material error in the proceedings.

The judgment is affirmed.