No. 19,978.

WILLIAM HALVERHOUT, *Appellee*, v. THE SOUTHWESTERN MILLING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Claim for Compensation before Commencing Action Rendered Unnecessary.* Plaintiff was injured in defendant's mill, and a doctor attended him before he was removed therefrom. A few days thereafter he called up the mill and told the timekeeper he wanted a settlement and wanted a doctor sent out, and was referred to the defendant's main office. On calling there he was referred to the defendant's attorneys and in a day or two a doctor was sent out. A little later he went with counsel to see the defendant's attorneys about a settlement, which was discussed, but none was made. Shortly thereafter the action was brought which resulted in a lump-sum judgment. The answer admitted an injury and liability for compensation beginning at the end of the second week of the disability, and averred readiness to pay compensation and that the plaintiff had been notified thereof and refused to accept. *Held,* that the claim required by section 6 of chapter 216 of the Laws of 1913 to be made within three months after the accident was rendered unnecessary.

2. SAME—*Judgment in Lump Sum.* Rule followed that a lump-sum judgment was properly rendered.

3. SAME—*Attempt to Settle by Agreement or Arbitration.* Rule followed that an attempt and failure by the plaintiff to settle by agreement or arbitration is not a condition precedent to maintaining an action.

Appeal from Wyandotte district court, division No. 3; HUGH
J. SMITH, judge. Opinion filed March 11, 1916. Affirmed.

*T. F. Railsback,* of Kansas City, *W. S. Hogsett,* and *Murat
Boyle,* both of Kansas City, Mo., for the appellant.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for
the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a lump-sum judg-
ment under the workmen's compensation act.

Plaintiff was injured on June 12, 1914, while at work for
the defendant in its mill. He testified that a doctor attended
him before he was removed from the mill, that six or seven
days after the injury he called up the mill and stated to the
timekeeper that he wanted a settlement for his foot and
wanted a doctor sent out, and was referred by the timekeeper
to the company's main office. On calling up the main office
he was referred to a firm of attorneys, and in a day or two he
called on these attorneys and then a doctor came. On or about
July 15 he employed counsel and went with them to the office
of the defendant's attorneys for the purpose of obtaining a ·
settlement, and they there talked of the injury. Discussion
was had as to the method of settlement, either by a certain
sum by the week or by a lump sum, and some dissatisfaction
with the workmen's compensation act was expressed by one
of the plaintiff's attorneys. Shortly afterwards the action
was begun, resulting in a judgment for plaintiff in the sum of
$1027.87. The answer, after certain admissions, including the
injury of the plaintiff, but denying the extent of such injuries
or the consequent incapacity to be as great as alleged, averred
that the plaintiff was entitled to compensation beginning at
the end of the second week of disability, but that he did not
notify the defendant of his accident or make any claim for com-
pensation, but that the defendant on or about the 21st of July
and prior to the filing of the suit notified the plaintiff that the
defendant was ready and willing to pay such compensation
then due and to continue the same as provided for by the
statute during the time he should be disabled, which offer
was by the plaintiff refused; that the defendant had at all

times been ready and willing to pay under the terms and provisions of the act, and that the plaintiff was not entitled to maintain the action until he had made some effort to settle with the defendant.

The failure to give a written notice within ten days after the injuries was expressly waived when the case was reached for trial.

A motion was made to dismiss on the opening statement of plaintiff's attorney because no claim for compensation had been made and no effort to agree with the defendant upon the amount of compensation. The question was raised in the ways already mentioned, and also by demurrer to plaintiff's evidence and by request for a peremptory instruction. In view of the knowledge which the defendant, through its various representatives, had of the injury and the desire of the plaintiff to be paid therefor, the claim required by section 6 of chapter 216 of the Laws of 1913 to be made within three months after the accident was rendered unnecessary within the principle announced in *Roberts v. Packing Co.,* 95 Kan. 723, 149 Pac. 413, and *Ackerson v. Zinc Co.,* 96 Kan. 781, 153 Pac. 530.

An argument is made against the propriety or legality of a lump-sum judgment, but the question has already been settled and disposed of. (*Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244; *Cain v. Zinc Co.,* 94 Kan. 679, 148 Pac. 251; *Roberts v. Packing Co.,* 95 Kan. 723, 728, 149 Pac. 413; *McCracken v. Bridge Co.,* 96 Kan. 353, 153 Pac. 525.)

Certain complaints are made touching instructions, the admission of evidence and the amount of the verdict, but we find nothing substantially prejudicial in the matters thus complained of.

The principal contention is that the suit could not be maintained until after an effort for settlement on the part of the plaintiff had failed. Section 36 of chapter 218 of the Laws of 1911 provides that "A workman's right to compensation under this act, may, in default of agreement or arbitration, be determined and enforced by action in any court of competent jurisdiction." It is forcibly urged that the purpose and policy of the act were to avoid lawsuits and substitute settlement instead (2 M. A. L. 471), and there is much in the language of

the statute and the arrangement of its sections to lead to this conclusion.  But when the precise matter came to be treated by the legislature the language just quoted was employed, and this means practically the same as if instead of the phrase "in default of agreement or arbitration" the words "in the absence or omission of an agreement or arbitration" had been used. (2 Words & Phrases, p. 1929; 13 Cyc. 759.)  While the expression frequently means failure to perform a duty or obligation, other definitions are also given.  "Default.  A failing or failure; omission of that which ought to be done."  (Webster's New Int. Dict. 1910.)  "In default of, owing to lack or failure of."  (Funk & Wagnalls' New Stand. Dict. 1913.)  "Omission; neglect or failure;  .   .   .   default of issue: Failure to have living children or descendants at a given time or fixed point." (Black's Law Dict., 2d. ed.)

Nothing can be found in the entire statute which requires that such a settlement be attempted by the plaintiff as a condition precedent to maintaining an action at law, and the courts can not add a requirement either purposely or carelessly omitted by the legislature.  This question was decided in *Ackerson v. Zinc Co.*, 96 Kan. 781, 153 Pac. 530, which decision is now approved and followed.

The judgment is affirmed.