No. 20,476.

EARL McCORKLE, *Appellee,* v. THE RED STAR MILL & ELE-
VATOR COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Personal Injuries—Trial—Contin-
uance Refused—No Error.* On the trial of an action under the work-
men's compensation law it is not error to refuse to grant a contin-
uance for the purpose of permitting time to elapse to ascertain
whether the injuries are temporary or permanent, where more than
a year has passed between the time of the injury and the time of the
trial.

2. SAME—*Evidence — Verdict Sustained.* Rule followed that verdicts
based on sufficient evidence will not be disturbed.

3. SAME—*Judgment in Lump Sum—Judicial Discretion.* Rule followed
that, in compensation cases, the rendition of judgment in a lump sum
is within the discretion of the trial court.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed November 11, 1916.
Affirmed.

*T. A. Noftzger, George Gardner,* and *George W. Cox,* all of
Wichita, for the appellant.

*Robert C. Foulston,* and *W. E. Pepperell,* both of Wichita,
for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment against
the defendant for $1400, under the workmen's compensation
law, and the defendant appeals.

1. The plaintiff's knee was injured at the defendant's mill
on September 7, 1914, and he was taken from there to a hos-
pital where he remained until September 15. In November
defendant offered to pay plaintiff sixty-five dollars compensa-
tion, the plaintiff himself to pay for an operation on his injured
knee. The offer was not accepted. This action was commenced
December 16, 1914. The defendant's answer, which was filed
October 7, 1915, alleged that the plaintiff's injury was of four
weeks' duration and that he had long since recovered there-
from. On October 23, 1915, the plaintiff filed a reply, con-

sisting of a general denial. The plaintiff's injuries were examined by a number of physicians, by some before this action was commenced and by others afterward. On October 20, 1915, Dr. Updegraff performed an operation on the plaintiff's knee and removed a loose piece of bone. The cause was called for trial on the 26th day of October, 1915. The defendant then asked that the trial be postponed for a reasonable length of time so that it could be ascertained whether the injury to the plaintiff's knee was temporary or permanent; and offered to show by Dr. Updegraff that sufficient time had not elapsed for him to ascertain that fact. The court refused a continuance. This is assigned as error.

The defendant was advised of all the facts necessary for it to know in order to prepare its defense. At the time the case was called for trial the action had been pending for a little more than one year. The answer had been filed almost twenty days. The reply added nothing new to the petition or the answer. The defendant knew of the plaintiff's injury and knew something of the extent of that injury. It was not necessary to postpone the trial until it could be definitely known whether or not the plaintiff's injury was temporary or permanent. It can not be said that the court abused its discretion in refusing the defendant's application for a continuance.

2. The defendant contends that there is a grave question as to whether the injury to the plaintiff's knee was caused by the accident at the mill or by the plaintiff's slipping and falling while he was walking along the street in November, 1914. There was no question about the plaintiff's being injured at the defendant's mill. Neither was there any question about that injury extending over some period of time. Some evidence tended to show that all of the plaintiff's injury was caused by the accident at the mill, although there was evidence which tended to show that the plaintiff might have been injured when he fell on the street. The instructions to the jury are not set out in the abstract. If this question was a disputed one at the trial it must have been submitted to the jury and must have been determined adversely to the claims of the defendant. The jury determined this question by its verdict, and that verdict is conclusive in this court.

3. The defendant requested the court, on the verdict re- turned by the jury, to make an award of weekly payments, sub- ject to modification, review, redemption or cancellation. This was refused and a lump sum judgment rendered. This ques- tion has been before this court on a number of occasions, and has been determined adversely to the defendant's contention; and appeals have been dismissed where that was the only ques- tion presented. (*Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244; *Cain v. Zinc Co.*, 94 Kan. 679, 146 Pac. 1165; *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413; *McCracken v. Bridge Co.*, 96 Kan. 353, 150 Pac. 832; *Halverhout v. Milling Co.*, 97 Kan. 484, 155 Pac. 916.)

The judgment is affirmed.