No. 9281.

KAROLY *v.* THE INDUSTRIAL COMMISSION ET AL.

1. APPEAL AND ERROR—*What may be Assigned for Error.* An injured workman was allowed by the Industrial Commission $8.00 weekly. He afterwards petitioned for an allowance in gross. The Commission denied this application, apparently under the belief that the allowance was not authorized by the statute, but declaring further that it was not "for the interest of the parties." On petition of the workman to the District Court the same view of the statute was entertained, and solely upon this ground the petition was denied. *Held* that the ruling of the court in the construction of the statute was subject to review, notwithstanding the finding of fact as to the interest of parties, by the Commission.

2. STATUTES—*Construction.* The Workmen's Compensation Act (Laws 1915 c. 179) is to be liberally construed.

3. INDUSTRIAL COMMISSION—*Authority.* Under sec. 57 of the Workmen's Compensation Act (Laws 1915 c. 179) the Commission have authority to award compensation in a lump sum to a workman who is totally and permanently disabled.

*Error to the Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. G. W. MUSSER, Mr. JOHN T. MALEY, for plaintiff in error.

Mr. LESLIE E. HUBBARD, Attorney General; Mr. JOHN L. SCHWEIGERT, Assistant Attorney General, for The Industrial Commission of Colorado.

Mr. FRED HERRINGTON, for The Colorado Fuel & Iron Company.

Opinion by Mr. Justice Allen.

ON and prior to August 6, 1915, the plaintiff in error, Joe Karoly, was an employee of The Colorado Fuel and Iron Company, one of the defendants in error. On the date above named Joe Karoly was injured by an accident arising out of and in the course of his employment. The employee and employer, above named, were each subject to the com-

pensation provisions of the Workmen's Compensation Act (Chapter 179, Session Laws 1915). They were unable to come to an agreement in regard to compensation, and the employee applied for a hearing before the Industrial Commission. Such hearing was had in August, 1916. The commission found the facts above stated, and with respect to the accident and the injuries received, found

"* * * that while undermining a loose rock it fell upon him causing a fracture of the right radius, laceration of the right forearm and hand, fracture of the second and third lumbar vertebra, causing a marked deformity by protusion of the lower back at the site of the fracture, also causing permanent cystitis; that up to the present time the said injured employee is totally disabled."

The commission ordered that the company, which was carrying its own insurance, pay to Joe Karoly compensation at the rate of $8 per week beginning with August 27, 1915, "and continuing throughout the period of his natural life or until such time as compensation shall cease" or the order be modified.

On or about the 18th of January, 1917, and after six months had elapsed from the date of the injury, the plaintiff in error filed before the commission his petition for payment in gross. The petition, after describing the claimant's injuries and condition, alleged, in substance, that he almost continuously suffers severe pains, and is totally and permanently disabled in consequence of his injuries; that he requires the attention of a physician every day; that he requires the care of an attendant to wait upon him, and medicine and appliances; that he should be in a hospital where such attention and care can be more readily and cheaply provided; and that such needs will continue for an indefinite time in the future. The petition further alleged that claimant has no money, property or means other than the $8.00 per week which had been awarded by the commission, and no friends or relatives able to provide any more; that the weekly payment awarded him does

but little good, and is wholly insufficient to provide him with necessary food, clothing, physician's attention, medicine, and hospital care, and that as a result he is compelled to live with and endure pain and suffering, without even meager care. The plaintiff in error in his petition states that if he were paid a sum in gross he could then provide himself with the things which are reasonable and necessary for him on account of his disabled and injured condition, and prays that the commission order that he be paid such sum as to the commission may seem meet and proper, not less than $8,500 in gross, or in such manner as the commission may determine.

This petition was heard by the commission on February 5, 1917, and on February 26, 1917, the commission ordered and adjudged that claimant's petition for a lump sum settlement should be denied. The order embodies brief findings of fact, from which it appears that the petition was denied upon two grounds. The commission found:

"That the extent of disability of the claimant cannot at this time be determined, for the reason that the claimant is suffering a permanent total disability, and in accordance with the Workmen's Compensation Act, and the award hereinabove mentioned, is to receive payment throughout his natural life, and it is humanly impossible at this time to determine the length of time which the claimant shall live. * * *

"The commission further finds that it is not for the best interest of the parties concerned in this case to grant a lump sum in settlement, and that therefore, the claimant's petition for a lump sum settlement should be denied."

On March 30, 1917, the plaintiff in error filed in the District Court his complaint or petition to vacate the Industrial Commission's order of February 26, 1917, on the ground that the same is unlawful and unreasonable. The petition, in addition to asking that the order be set aside, prayed that the District Court enter judgment granting the petition for payment in gross and ordering payment

of a sum in gross of not less than $8,500.00 or in payment of not less than $40.00 per week.

The Industrial Commission answered and tendered to the court copies of its findings and awards, and its original record as to the remaining matters pertaining to the proceedings hereinbefore mentioned.

On August 30, 1917, the District Court, upon hearing, confirmed the commission's order of February 26, 1917. The claimant brings the case here for review.

The bill of exceptions clearly shows that the trial court based its decision entirely upon the theory that the provision of the Workmens' Compensation Act relating to payments in gross, being section 57, chapter 179, Session Laws 1915, "does not apply to cases of total permanent disability." The findings of the commission, accompanying its order of February 26, 1917, indicate that the commission also took this view of the law.

If such ground is an erroneous theory of the law as to the power of the commission to order payments in gross in cases of permanent total disability, the plaintiff in error was prejudiced by this error, even though the commission also denied his application for a lump sum settlement upon the ground that it would not be for the best interests of the parties concerned. *Matecny v. Vierling Steel Works*, 187 Ill. App. 448. This conclusion is further supported by the fact that the trial court disposed of the case entirely upon its construction of the statute, without determining whether it would confirm the order of the commission if the commission did possess the power to order a payment in gross in cases of this kind; and by the further fact that the commission made no definite findings showing the basis of their conclusion that "it is not for the best interests of the parties concerned" to grant the lump sum settlement, and made no definite and specific findings concerning claimant's condition, circumstances, and need of a lump sum payment.

The record, therefore, presents a question of law to be reviewed by this court, namely, whether section 57 of the Workmen's Compensation Act of 1915 applies to cases of permanent total disability, and gives the Industrial Commission the power to order payment in gross in such cases.  The section in question provides that:

"Any time after six months have elapsed from the date of the injury, the commission may order payment in gross interest of the parties concerned.  When payment in gross is ordered, the commission shall fix the gross amount to be paid based on the present worth of partial payments, considering interest at four per cent. per annum."

The purpose of this provision and of similar provisions in Workmen's Compensation Acts in other states is evident from the following language contained in *Roberts v. Tackney Co.*, 95 Kans. 723, 149 Pac. 413.

"The theory of the legislature manifestly was that cases would arise in which the condition of the employee would be so marked that there would be little reason to anticipate improvement in earning capacity and that the circumstances would be such as would warrant the court in giving judgment for a lump sum available at once, rather than for periodical payments as in an award."

See also 1 Honnold on Workmen's Compensation, Sec. 179, p. 653.

The Workmen's Compensation Act "is highly remedial, beneficent in purpose, and to be liberally construed." *Industrial Commission, et al. v. Johnson* (No. 9275), 172 Pac. 422.  The court should not adopt such an interpretation of a statute as would produce absurd, unreasonable, unjust, or oppressive results, if such interpretation can be avoided. *Western Co. v. Golden*, 22 Colo. App. 209, 124 Pac. 584.

It is difficult to perceive what circumstances would warrant the payment of a lump sum to an injured employee whose disability is only partial or temporary, which circumstances would not also favor the payment of the lump sum to the employee if his disability were total and permanent. A workman who is permanently totally disabled is as much

entitled to the allowance of a gross sum as is any other injured workman. Section 57, hereinbefore quoted, should be construed, if possible, so as to apply to cases of permanent total disability, since such construction would prevent oppressive results, and at the same time be in accord with the policy and purposes of Workmen's Compensation legislation.

The plaintiff in error was awarded $8.00 per week, and the commission found that he "is suffering a permanent total disability." If, as is possible if not also probable according to his petition, the plaintiff in error is or will be compelled to appeal to the public for aid, then one of the objects of the Workmen's Compensation Act will be defeated. The great object of such acts is to shift the burden of economic loss, resulting from these accidents and injuries, from the employee to the industry, and that the burden should be borne by the industry in which the injury occurred rather than by society as a whole. *State v. Industrial Commission,* 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916 D 944, Ann. Cas. 1917 D, 1162. Furthermore, the intent of the act is to provide compensation for injured workmen, and circumstances may occur where the compensation would be more just, equitable, appropriate, and beneficial, if paid in a lump sum than if paid in small weekly installments.

In view of the foregoing observations, there is no reason for concluding that the legislature intended to exclude from the provisions of section 57 cases of permanent total disability, unless such intention appears from the language used, and it is plain that it does not so appear.

Counsel for defendants in error contend that section 57 is not applicable to cases of permanent total disability because the number of future partial payments cannot be ascertained. The argument is based upon the following cause in section 57:

"When payment in gross is ordered, the commission shall fix the gross amount to be paid based on the present worth of partial payments."

The result of this clause is that the commission can easily and accurately ascertain the amount of the gross payment in cases where the period during which partial payments are to be paid is fixed at a certain definite number of weeks.  There is nothing in the clause, however, which prohibits or prevents the Industrial Commission from fixing a gross amount in cases where the periodical payments are to continue during the life of the injured employee.  It is true that the exact number of such partial payments in the future, in such cases, cannot be ascertained. Nevertheless, the commission in the light of all the facts before it in a given case may make a reasonable estimate as to the probable number of such partial payments, and the probable duration of the claimant's life.  The statute by necessary implication empowers the commission to do this, and to determine "the present worth of partial payments" whether the exact number of such payments can be ascertained or not.  To hold otherwise would be to interpolate into section 57 an exception which is not there, and to exclude from the operation of that section cases where the injury has produced permanent total disability.  An exception not made by the legislature cannot be read into the statute.  (36 Cyc. 113, n. 88).  It is not necessary upon this review to determine in what manner the commission may proceed in fixing the gross amount in cases of this kind, and on this subject no opinion is expressed.

For the reasons above given, the District Court was in error in holding that section 57 "does not apply to cases of total permanent disability," and in confirming the order of the Industrial Commission upon such ground.   The plaintiff in error was entitled to have his case heard in the district court in the light of the correct interpretation of the law.  The judgment of the District Court will, therefore, be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Decision *en banc.*