No. 26,699.

W. A. FARRELL, *Appellant*, v. PHOENIX UTILITY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Periodical Payments—Reduction to Lump Sum*. Under the workmen's compensation act, a judgment for periodical payments rendered in an action in the district court to recover compensation cannot be reduced to a lump sum under section 44-534 of the Revised Statutes where there is nothing to show that the judgment for periodical payments was not properly rendered.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed March 6, 1926. Affirmed.

*P. D. Gardiner, O. W. Helsel, A. W. Hershberger*, all of Wichita, and *L. E. Goodrich*, of Parsons, for the appellee.

*Charles Stephens* and *Frank E. Dresia*, both of Columbus, for the appellant.

The opinion of the court was delivered by

MARSHALL, J.: The abstract discloses that—

"At the October, 1924, term of the district court of Labette county, plaintiff recovered judgment for permanent partial disability under the compensation law and was awarded weekly payments of $6.48 per week for 342 weeks from and after December 17, 1924."

The plaintiff by motion asked that the judgment be reduced to a lump sum on the ground that he was in doubt as to the security of his compensation. Execution was issued for $19.44 for payments due on the judgment and was returned not satisfied. The evidence showed that the defendant had no taxable property in Labette county. On the hearing of the application, the court found "that the court has not the statutory right to grant the relief prayed," and denied the motion. From that order, the plaintiff appeals.

The defendant says:

"The only question involved in this appeal is a question of law, in substance as to whether or not a judgment of the district court, awarding periodical payments to an injured employee under the workmen's compensation act, after a full and complete trial of the case, and a finding that the injury is not ascertainable by objective examination, can be reduced to a lump sum judgment in the absence of any statutory authority therefor."

The answer to this question must be found in the statutes. The

Workmen's Compensation Acts, C. J. p. 102 n. 87; L. R. A. 1916A, 62; L. R. A. 1917D, 179; 28 R. C. L. 824.

first section of the statutes to be examined is section 44-529 of the Revised Statutes; that section reads:

"At any time before final payment of compensation has been made under or pursuant to any award, or agreement of the parties modifying same, the workman may, upon notice to the .employer, apply to the said district court for judgment against the employer for a lump sum equal to 80 per cent of the amount of payments due and unpaid and prospectively due under said award; and unless the proceeding be stayed as hereinafter provided in section 18 of this act, or unless said award be canceled as provided in section 16 of this act, or the liability thereunder redeemed as provided in section 19 of this act, the court shall hear all competent evidence offered, and if satisfied that the workman's application for judgment is made because of doubt as to the security of his compensation, shall compute the sum and enter judgment accordingly as if in an action: *Provided,* That if the employer shall give a good and sufficient bond, approved by the court, no execution shall issue on such judgment so long as the employer continues to make payments in accordance with the original award undiminished by the discount."

This statute applies to an award by an arbitrator or to an agreement of the parties modifying the award; not to a judgment of the district court in an action to recover compensation.

Sections 16, 18 and 19 of the workmen's compensation act are referred to. Section 16 (R. S. 44-528), so far as it is material to the consideration of this question, reads:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction."

Section 18 of the workmen's compensation act (R. S. 44-530) reads:

"In any proceeding upon the application of a workman for a judgment against his employer upon an award as provided in section 17 of this act, and before judgment has been granted, the employer may stay the proceedings upon such application by filing in the office of the clerk of the district court wherein the proceedings are pending: (*a*) a certificate of a licensed or authorized insurance company, or reciprocal or interinsurer's exchange or association that the amount of compensation to the workman is insured by it; or (*b*) a proper bond undertaking to secure the payment of the compensation. Such certificate or bond shall first be approved by the judge of the said district court."

Section 19 of the workmen's compensation act (R. S. 44-531) reads:

"Where payments under an award have been made for not less than six months, the liability under such award may be redeemed by the employer at his option by the payment to the workman of a lump sum equal to 80 per cent

of the amount of payments due and unpaid and prospectively due under the award, such amount to be determined by agreement, or, in default thereof, upon application of either party, upon notice to the other party by the judge of the district court having jurisdiction. Upon paying such amount, the employer shall be discharged of and from all further liability under said award."

None of these statutes apply to the situation presented in this case. In *Roberts v. Packing Co.*, 95 Kan. 723, 732, 149 Pac. 413, the court, in commenting on section 33 of chapter 218 of the Laws of 1911 (since amended and now appearing as section 44-531 of the Revised Statutes), said:

"These provisions apply only in case of agreement or award in which periodical payments are adjudged, and have no application to cases where a judgment in a lump sum is given in the first instance."

Section 44-534 of the Revised Statutes should be noticed. That section in part reads as follows:

"A workman's right to compensation under this act may, in default of agreement or if the employer shall have refused to consent to an arbitration of the workman's claim for compensation, be determined and enforced by action in any court of competent jurisdiction, but no such action shall be maintained until and unless the workman shall have consented to an arbitration or applied to the court as hereinbefore provided for an arbitrator. In every such action the right to trial by jury shall be deemed waived and the case tried by the court without a jury, unless either party shall within ten days after issues are joined demand a jury trial. The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for, periodical payments, as in an award: *Provided,* In no case shall a lump sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of section 4 of this act, and such judgment may be reviewed at any time after the expiration of six months upon application of either party, and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review."

It does not appear that the judgment for periodical payments was not rendered in obedience to section 44-534 of the Revised Statutes. It is presumed that judgment was properly rendered. The judgment cannot be now changed except in the manner directed in that statute.

The trial court was correct when it said, "The court has not the statutory right to grant the relief prayed."

The judgment is affirmed.