No. 31,928

Ben F. Cruse, *Appellant,* v. The Chicago, Rock Island & Pacific Railway Company, *Appellee.*

(38 P. 2d 672)

Opinion filed December 8, 1934.

*F. M. Kennard* and *Walter J. Gresham,* both of Kansas City, Mo., for the appellant.

*Luther Burns, J. E. DuMars,* both of Topeka, *E. S. McAnany* and *T. M. Van Cleave,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. The legal question presented is whether the claim for compensation was made in time. The compensation commissioner and the trial court found it was not. Claimant has appealed.

On May 1, 1929, Ben F. Cruse was in the employ of the Chicago, Rock Island & Pacific Railway Company as a laborer at its terminal warehouse in Kansas City, Kan., and on that date sustained an injury to his hand and fingers while unloading a heavy piece of metal. On June 14, 1929, he sued the railway company for damages under the federal employer's liability act. The railway company answered, among other things, that the character of work being handled by plaintiff at the time of his injury was such as to be governed and controlled solely by the Kansas compensation act; that both parties with respect to such work were operating under that act. The reply was a general denial. In that action plaintiff recovered a judgment, which was reversed (*Cruse v. Chicago, R. I. & P. Rly. Co.,* 133 Kan. 340, 299 Pac. 624), this court holding "under the evidence the plaintiff was not injured while engaged in interstate commerce within the meaning of the federal employer's liability act." Thereafter, and on June 30, 1932, Ben F. Cruse filed with the workmen's compensation commissioner his claim for compensation, and set out that he suffered an injury to his hand and fingers May 1, 1929; that claim had been made on the employer for compensation on June 13, 1929; that the employer had furnished medical attention, but never had paid any compensation, stating the weekly wage and other appropriate information. The railway company filed with the compensation commissioner a motion to dismiss the claim, on two grounds: (1) That no written claim for compensation had been served upon respondent within the time provided by section 20 of the workmen's compensation act (R. S. 1933 Supp. 44-520a), and (2) that the statute of limitations had run against the action, specifically pleading the three-year statute of limitation of the civil code (R. S. 60-306, second clause). The compensation commissioner, after a hearing, "found that the action herein is barred by the three-year statute of limitations and that the motion to dismiss

should be sustained." The claimant appealed to the district court. That court adjudged "that the order of the commissioner of workmen's compensation dismissing plaintiff's claim for compensation be and it is hereby affirmed." Cruse appealed from that adjudication. On the appeal to this court the only question argued was whether the three-year statute of limitation applied. This court reversed the judgment of the district court. (*Cruse v. Chicago, R. I. & P. Rly. Co.*, 138 Kan. 117, 23 P. 2d 471.) In the opinion the court said:

"The claimant was injured on May 1, 1929, made his claim on the employer for compensation on June 13, 1929, and filed his application with the commissioner on June 30, 1932, which was three years and two months after the injury. The respondent filed a motion to dismiss the proceedings because the application showed upon its face that the proceeding was barred by the three-year statute of limitations (R. S. 60-306)." (p. 118.)

The court held in effect that the section of the civil code relied upon (R. S. 60-306) did not apply, since the workmen's compensation act provides its own procedure. The opinion of the court adopted the view of the claimant that "the giving of notice of claim as prescribed by R. S. 1931 Supp. 44-520a is all that is required, and, if compliance with that requirement is made, the claimant has unlimited time for commencing his special proceeding" before the compensation commissioner in all respects except as to the "unlimited time." With respect to that the court held the proceedings before the compensation commissioner should be commenced within a reasonable time, and expressed the view that ordinarily three years from the date of the accident would be a reasonable time, but this might be varied by the facts of a particular case. The judgment of the trial court was reversed, leaving "the matter just where it was before the commission acted upon the motion to dismiss." (p. 123.) Thereafter claimant amended his claim filed before the compensation commissioner to show that respondent had furnished medical attention for a period of more than four months after the injury, and that he had in good faith filed his action for damages June 14, 1929. Thereafter respondent filed its motion to dismiss, upon the grounds: (1) That no written claim had been served upon the employer within ninety days, and (2) that the proceedings had not been commenced within a reasonable time. On the hearing of that motion before the commissioner it developed that the claimant contended that the suit he brought

for damages under the federal employer's liability act against the railway company, June 14, 1929, was a sufficient claim for compensation under R. S. 1933 Supp. 44-520a of the compensation act. The compensation commissioner held against claimant and sustained the motion to dismiss, denying plaintiff's claim for compensation. The claimant appealed to the district court, where it was adjudged that the award of the commissioner of workmen's compensation denying plaintiff's claim for compensation be affirmed. The claimant has appealed.

While the question now presented might well have been presented when the case was here before, we cannot complain that the parties followed this court's direction by taking up the proceeding at the point before the compensation commissioner acted on the motion to dismiss. In doing that claimant thought best to amend his claim, and respondent renewed its motion to dismiss. One of the grounds of that motion was that no claim for compensation had been made as required by statute. On the hearing of that motion it developed that the only claim made for compensation was the filing of the action under the federal employer's liability act. Having specifically denied in that action that his claim or demand against his employer was under the compensation act, claimant is not now in position to contend that it was. This court has been quite liberal in holding that the wording of the claim or demand is not so important if the employer is advised the claimant is seeking what is due him under the law. (*Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588.) But that never has been held in any case in which the claimant specifically denied that what he was doing was a claim for compensation. Prior to the amendment of our workmen's compensation laws in 1927 (Laws 1927, ch. 232), the district court had jurisdiction to try compensation cases as well as actions for damages under the compensation law, or under special statutes, such as the federal employer's liability act, and it was then held (*Ackerson v. Zinc Co.*, 96 Kan. 781, 153 Pac. 530) that the petition filed in a common-law action, containing all the essentials of a claim for compensation in a proper case, would be so construed. But under our present statute our district courts have no original jurisdiction in compensation proceedings. Such original jurisdiction is before the compensation commissioner. The district court gets jurisdiction in such proceedings only by appeal; hence, the case last cited is no longer con-

trolling. Now, an injured workman, in doubt as to whether his remedy is under the common law or under the federal employer's liability act, or some similar statute, or under the workmen's compensation act, if he proceeds promptly before the compensation commissioner, ordinarily could have that question determined before the statute of limitations would run against his common-law or other action. Perhaps he might initiate both proceedings and have one of them delayed until the other is determined. But we need not take time to analyze all of the possible steps which might be taken. It is' sufficient for us to determine the question before us; namely, whether an action brought under the federal employer's liability act, in which plaintiff specifically disclaims compensation under the workmen's compensation act, is a claim for compensation under that act. We feel compelled to hold it is not.

The judgment of the court below is affirmed.