Gorrell v. Battelle.

No. 19,380.

JAMES H. GORRELL, *Appellee,* V. A. C. BATTELLE, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Statutory Presumption that Injured Employee is within its Purview—Affirmative Defense by Employer.* The statutory presumption that all employers affected by the workmen's compensation act are within its provisions obtains until the contrary appears, and nonliability to an action for compensation because of an election to stand outside the provisions of the act is an affirmative defense.

2. SAME. An employer who in good faith denies liability on the ground of such an election should ask the court to investigate that subject first and thereby save the time and expense of a further trial. In all but the most exceptional cases the certificate of the secretary of state will settle the dispute, and the court may require the production of such certificate at any time. Unless the record on appeal clearly discloses that the defense was specifically and unequivocally brought to the attention of the trial court while it had possession of the case this court will consider the defense as abandoned.

3. WORKMEN'S COMPENSATION ACT—*Awards Compensation for Incapacity to Work as a Result of Injury.* The workmen's compensation act awards compensation for incapacity to work as a result of injury. This means compensation for loss of earning power as a workman as a result of injury, whether the loss manifest itself in inability to perform obtainable work or inability to secure work to do.

4. SAME — *Compensation During Incapacity — When Compensation Should Cease.* The workmen's compensation act provides for compensation during incapacity, and the implication is that compensation should cease when incapacity ends. In an action for compensation the duration of incapacity is a question of fact to be determined as other questions of fact are determined, and a challenge of the correctness of the trial court's conclusion respecting the duration of incapacity will be considered on appeal in the same way as other challenges of a similar nature.

5. SAME—*Compensation May be Awarded in Lump Sum.* The workmen's compensation act confers express power upon the trial court to render judgment in a lump sum instead of mak-

Gorrell v. Battelle.

ing an award of periodical payments. In every case the trial court must exercise its judgment and discretion as to the best method of making compensation in the light of all the facts, and the result will not be disturbed on appeal except for an abuse of the power.

6. SAME—*Award of Compensation by the Court—Sustained by the Evidence.* In this case the injured workman, who was a mechanic, lost his right eye and his left eye became weakened as the result of an injury. The consequence was, his capacity to use tools was diminished and he was reduced to an economic status lower than he had previously occupied. There was no direct proof that he could ever retrieve his former capacity. The court examined him at some length and so had an opportunity to form an estimate of his personality as a matter affecting his probable future earning capacity. *Held,* that an award of compensation for partial incapacity for the maximum period allowed by the workmen's compensation act, and in a lump sum, will not be disturbed.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed November 14, 1914. Affirmed.

*John J. Cosgrove,* of Kansas City, Mo., and *R. M. Sheppard,* of Joplin, Mo., for the appellant.

*Wilbur S. Jenks,* of Ottawa, for the appellee.

The opinion of the court was delivered by.

BURCH, J.:  The action was one for compensation under the workmen's compensation act. (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216.) Compensation was awarded the plaintiff for partial incapacity to work, for the maximum period and in a lump sum. The defendant appeals.

The plaintiff alleged in his petition that the defendant had not filed with the secretary of state an election not to accept the terms of the workmen's compensation act. The allegation was denied, and it is assigned as error that it was not proved at the trial.

Conceding for the present that the allegation was necessary in order that the petition should disclose

liability under the workmen's compensation act, and that such an allegation must be proved when denied, failure on the part of a plaintiff to make such proof can rarely be of consequence on an appeal to this court. The defendant in an action for compensation always knows whether or not he filed with the secretary of state a written statement that he elected not to come within the act. If he denies liability in good faith on that ground, he will ask the court to investigate that issue first to save the trouble and expense of a further trial. In all but the most exceptional cases the certificate of the secretary of state will settle the dispute. Whenever the question is raised, whether at the beginning of the trial, on a demurrer to the plaintiff's evidence, or on the motion for a new trial, the court can call for the summary production of such a certificate. Unless the record shows that the matter was specifically and unequivocably brought to the attention of the trial court while it had possession of the case and power to dispose of it as justice required, this court will regard the issue as abandoned. It would be gross abuse of procedure for a defendant to veil an oversight in making proof under a general demurrer to the evidence and a general motion for a new trial, and then appeal to this court for a new trial when the evidence is all the time lying in a public office barely outside the reach of judicial knowledge, and when the new trial, if granted, would extend to that issue alone.

An allegation in a petition, however, that a defendant has not filed with the secretary of state an election to remain outside the provisions of the compensation act is not indispensable, and is formal rather than substantial if made. The statute declares its purpose to be to establish a new system of compensation for injuries to workmen in certain hazardous employments. It expressly declares a presumption that all employers affected by the act are within its provisions, and an employer is within its provisions unless he has mani-

Gorrell v. Battelle.

fested an election to the contrary in the manner prescribed and has posted notices to that effect in conspicuous places in and about his establishment. (Laws 1911, ch. 218, § 44, as amended by Laws 1913, ch. 216, § 7.) The presumption obtains until the contrary appears, and nonliability because of an election to stand outside the provisions of the law becomes essentially an affirmative defense.

In this case the defendant's answer specifically admitted that he had not filed the election required to avoid liability under the compensation act. The admission was omitted from an amended answer, but credit was claimed for certain payments to the plaintiff made under a clear recognition of liability under the act, and the defendant requested the court to make certain findings based on an assumption of such liability. This authorized the court to conclude that the defendant was within the act, and no suggestion is tendered that a different conclusion would be reached if the judicial machinery were again set in motion.

The plaintiff was a carpenter and brickmason by trade. During a period of dullness in those trades he took employment with the defendant as a car repairer. While so engaged a piece of steel struck his right eye, penetrated the tissues so that the fluid portions of the organ escaped and total blindness resulted which can never be remedied. The iris of the injured eye, which formerly was blue in color, has turned black, and the left eye has become weakened to such an extent as to impair clear and sustained vision. Capacity to use tools is diminished because of inability to estimate distances accurately with one enfeebled eye. The plaintiff is thirty-eight years old, for eighteen years has worked in the trades mentioned, and good eyesight is necessary in order to hold employment in them. Since his injury the plaintiff has done a little work on the streets of the city of Ottawa, where he resides with his family, and has chopped a little wood, working about a

fourth of a day at a time, but in trying to chop wood he had difficulty in measuring distances in order to strike with precision. He had opportunity to secure other work which he would have accepted if he had been able to see to do it. Before his injury he had good eyesight, was strong and able-bodied, and was always busy at his trade except during occasional temporary business depressions.

The court ruled that the plaintiff was entitled to recover compensation at the rate of $6 per week for eighteen weeks, and at the rate of $3 per week for the further period of seven years and thirty-four weeks, and rendered judgment in a lump sum accordingly. Various objections are interposed to this judgment.

The workmen's compensation act contains the following provisions material to the controversy:

"Section 11. *Amount of Compensation.* . . . (c) When partial incapacity for work results from injury, periodical payments during such incapacity, commencing at the end of the second week, shall not be less than twenty-five per cent, nor exceed fifty per cent, based upon the average weekly earnings computed as provided in section 12, but in no case less than three dollars per week or more than twelve dollars per week; provided, however, that if the workman is under twenty-one years of age at the date of the accident and the average weekly earnings are less than $10.00 his compensation shall not be less than seventy-five per cent of his average earnings. No such payment for total or partial disability shall extend over a period exceeding eight years." (Laws 1911, ch. 218, § 11, as amended by Laws 1913, ch. 216, § 5.)

"Sec. 12. *Rule for Compensation.* For the purposes of the provisions of this act . . . the following rules shall be observed . . . : (*f*) In the case of partial incapacity the payments shall be computed to equal, as closely as possible, fifty per cent of the difference between the amount of the 'average earnings' of the workman before the accident, to be computed as herein provided, and the average amount which he is most probably able to earn in some suitable employ-

ment or business after the accident, subject however, to the limitations hereinbefore provided." (Laws 1911, ch. 218, § 12.)

"SEC. 36. *Actions.* A workman's right to compensation under this act, may, in default of agreement or arbitration, be determined and enforced by action in any court of competent jurisdiction. . . . The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due and prospectively due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments as in an award." (Laws 1911, ch. 218, § 36.)

It will be observed that compensation is awarded for incapacity to work as a result of injury. In an effort to comprehend the true basis of compensation which the legislature established, the defendant interprets the expression "incapacity to work" to mean actual physical inability to perform work, and he would exclude physical impairment which, although it might prevent the plaintiff from securing work, would not prevent him from performing work if obtained. The argument is that the disinclination of employers, particularly in the mechanical trades, to take crippled, disfigured or otherwise physically defective persons into service, notwithstanding their protestations of competency, can not be considered as incapacity to work. The question is not sharply presented by the evidence, but it may as well be considered now since it is involved in the interpretation to be given the statute.

What the legislature had in mind was compensation for loss of earning power as a workman as a result of injury. Whether this loss manifest itself in inability to perform work which is obtainable or inability to secure work to do is not very material. While personal injury must occur, the word "incapacity" is not expressly qualified by the use of the word "physical" in the statute, and any deprivation of power to earn wages as a workman as a result of injury is incapacity within the meaning of the law.

The defendant insists that the evidence was insufficient to sustain a judgment for compensation for the length of time allowed by the court.

Under the terms of the statute the periodical payments which are the units of compensation are to be extended "during incapacity," not exceeding eight years. The duration of incapacity becomes, therefore, a subject for the determination of the trial court, and is to be determined in the same way as other questions of fact. The task will frequently be difficult to discharge because of the speculative nature of the subject and because of the moral factor involved, the character and ability of the injured workman. Very often the solution of the medical question of the curability or incurability of the plaintiff will not carry the court very far. Probable earning capacity in some suitable employment or business after injury must be taken into consideration in computing the amount of the payments to be awarded, and facts indicating probable future earning capacity will sometimes have a bearing upon the duration of incapacity. The trial court's observation of the plaintiff, in the course of the hearing, is likely to be especially informing. Because of these facts, and some others peculiar to the subject, a challenge of the correctness of the conclusion of the trial court respecting the duration of incapacity must necessarily be considered on appeal in the same way as other challenges of a similar nature.

In this case the loss of the plaintiff's eye is an injury necessarily permanent in its nature. A consequent reduction to a lower economic status was fully disclosed by the evidence. There was no direct proof that the plaintiff can ever retrieve his former capacity. The court itself examined him at some length, and from his appearance, his demeanor, and the unconscious disclosures which inevitably accompany human conduct, was able to form an estimate of his personality which can not be brought to this court by appeal, but which was probably as important as any fact established by the

testimony. It is impossible, therefore, to declare that the trial court's finding that *to this plaintiff* the loss of his eye constitutes permanent partial incapacity is not sustained.

The defendant insists that compensation must cease when the plaintiff's partial incapacity to work as the result of his injury ceases, that the plaintiff is likely to become able to work with his remaining eye, and to secure suitable employment, so that incapacity will end long before the expiration of the time for which he is allowed compensation. Therefore, it is said, an award of periodical payments should have been made instead of judgment for a lump sum. It may be conceded that compensation should cease when incapacity to work as the result of injury ceases, but the defendant's argument ignores the finding of the trial court that the plaintiff's incapacity is permanent so far as the remedy afforded by the statute is concerned. The statute confers express power to render judgment in a lump sum instead of making an award of periodical payments. In every case the trial court must exercise its judgment and discretion as to the best method of making compensation in the light of all the facts, and the result can not be disturbed on appeal except for an abuse of the power.

The judgment of the district court is affirmed.