No. 19,956.

SIMPSON CAIN, *Appellee,* v. THE NATIONAL ZINC COM-
PANY, *Appellant.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Judgment for Damages—Appeal—Motion to Dismiss Appeal—Judgment Affirmed upon the Record without Further Hearing.* Where a defendant appeals from a judgment rendered against him under the workmen's compensation act, the plaintiff may by a motion to dismiss raise the issue whether the questions of law involved are so doubtful as to require the filing of briefs; and if upon the resulting hearing the court is fully satisfied that no grounds for a reversal exist, an affirmance will be ordered.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed March 6, 1915. Affirmed. Opinion conditionally denying a rehearing filed April 20, 1915.

*Adrian F. Sherman, Thad. B. Landon,* both of Kansas City, Mo., *E. S. McAnany,* and *Maurice L. Alden,* both of Kansas City, for the appellant.

*C. Angevine, J. K. Cubbison, William G. Holt,* all of Kansas City, *Lorenzo F. Bird,* and *Horace G. Pope,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Simpson Cain brought an action under the factory act against the National Zinc Company, on account of injuries received while in its employ. On December 7, 1914, he filed an amended petition in which he asked relief under the workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216). Issues were joined and the case was tried without a jury, judgment being rendered on December 26, for the plaintiff, in a lump sum. A motion

for a new trial was overruled January 15. On January 30 the defendant gave notice of an appeal, and the papers in connection therewith were filed in this court February 2. On the same day the plaintiff filed a motion to dismiss the appeal on the ground that it presents no question of law which is involved in substantial doubt. Upon the oral argument on this motion it was developed that the contentions of the appellant are that the evidence did not warrant the court's findings regarding the extent and character of the plaintiff's injuries, that the amount awarded was excessive, and that error was committed in requiring it to be paid all at once instead of in installments. The plaintiff's arm was broken and there was evidence that the freedom of its movement was permanently impaired; that while this condition would not restrict his activity in some occupations, it would in others, including that in which he was engaged when injured, and in which he had been earning $17.50 a week. The court found that he had suffered a total disability for six months following the accident, and allowed him $210 on that account. It also made an additional allowance of $1014, based upon a finding of partial disability for a period of six and a half years. From the statements made in the course of the argument in behalf of the defendant we deem it clear that the evidence warranted the findings referred to, and that the decision of the trial court fixing the amount of compensation must be accepted as final. The statute authorizes an award for permanent disability covering a period not exceeding eight years, at a minimum of $3 a week. (Laws 1913, ch. 216, § 5.) Whether the judgment in such a case shall be for a lump sum, or for periodical payments, is expressly left to the discretion of the trial court (Laws 1911, ch. 218, § 36), and there is nothing in any aspect of the facts here presented to suggest an abuse of discretion. Some appellate courts refuse under any circumstances to inquire into the merits of a case upon a mere motion,

while others will summarily dismiss an appeal which appears to be frivolous or taken for delay. (4 Enc. L. & P. 280.) We do not so characterize the present proceeding. The questions already referred to have been ably discussed and carefully considered. We are convinced that the case is already before the court in substantially the same light in which it would be presented if submitted upon printed abstracts and briefs as well as upon oral argument. The workmen's compensation act contemplates the speedy adjustment of claims under it. If the determination of the amount to be paid must await the relatively slow process of litigation through an appellate court its main purpose will be defeated and its beneficent operation thwarted. In a case of this character the plaintiff may well raise the question whether the issue of the appeal is so far doubtful as to require the ordinary routine to be followed; and where upon the preliminary hearing resulting from such challenge the court is fully satisfied that no grounds for a reversal exist, the judgment should be made final without further delay. That situation has now arisen, and in accordance with the view stated the judgment is affirmed.

---

OPINION CONDITIONALLY DENYING A REHEARING.

Filed April 20, 1915.

*Per Curiam:* The judgment in this case was affirmed, the court holding that the questions of error involved did not require any argument beyond what had been presented at the hearing of the motion to dismiss. The defendant has filed a petition for a rehearing, setting out a full record of the proceedings. Upon its consideration the court adheres to the views already expressed, but a new question is raised in the petition. It appears that the defendant paid a physician for attendance upon the plaintiff the sum of $100, which it asked to have credited upon the amount of compensation allowed. The reference to this matter in the

certified copy of the journal entry of judgment filed in this court reads: "And the Court further finds that defendant is now entitled to a credit of $100.00 on account of medical and hospital bills paid by defendant." Evidently the use of "now" was a clerical error, the word intended being "not." The workmen's compensation act contemplates no allowance on account of medical attendance, except where a workman dies as the result of an injury, leaving no dependents. (Laws 1911, ch. 218, § 11, subdiv. *a* 3, as amended by Laws 1913, ch. 216, § 5.) It provides (§ 15) that payments or judgments made under it shall not be subject to levy, except for medical attention and similar matters, implying that such expenses are to be paid out of the compensation allowed, which is based upon an estimate of the extent and duration of disability. It further provides that in fixing the amount of recovery, "allowance shall be made for any payment or benefit which the workman may receive from the employer during his period of incapacity." (§ 12, subdiv. *e.*) Apparently the deduction asked should have been granted. The petition for a rehearing will be denied, but upon condition that the plaintiff shall by the 1st day of May either remit $100 from the judgment, or file in this court a clear showing that such remittitur ought not to be made. If no such action is taken within the time fixed, or if a showing is filed which indicates that the question of remission should be argued further, the case will be reinstated.