No. 20,182.

ELLEN McCRACKEN, *Appellee,* v. THE MISSOURI VALLEY BRIDGE & IRON COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Judgment for Lump Sum—Appeal Dismissed for Want of Merit.* An appeal from a judgment rendered under the workmen's compensation act, awarding compensation in a lump sum to a dependent upon a workman whose death resulted from personal injuries sustained in a hazardous employment, dismissed for want of merit.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed July 28, 1915. Dismissed.

*R. A. Campbell,* of Hutchinson, for the appellant.

*F. V. Russell,* and *R. C. Russell,* both of Great Bend, for the appellee.

23—96 KAN.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation under the act to provide compensation for workmen injured in certain hazardous industries. (Laws 1911, ch. 218; Laws 1913, ch. 216.) The plaintiff recovered and the defendant appeals.

In December, 1914, the defendant was engaged in building a bridge across the Arkansas river near Nettleton in Edwards county. On December 11 the defendant employed George McKinley McCracken as a common laborer to assist in building the bridge. On December 29 the workman sustained personal injuries in the course of his employment which resulted in immediate death. His wages were twenty-five cents per hour, eight hours constituting a day, and the time which he actually worked amounted to one hundred and twelve hours. He had previously been employed by the defendant at various times and places but an interval of about a year had elapsed since the last employment. The workman died intestate, leaving no surviving widow or children and leaving as his sole heir at law his mother, Ellen McCracken, who is the plaintiff. At the time of the death of her son the plaintiff resided in the city of Great Bend where she has lived for a number of years. She was wholly dependent upon her son's earnings for her support. She is a widow about sixty-two years of age, entirely destitute, without resources or income of her own, and physically unable to earn her own living. The son left no other person or persons dependent upon him either wholly or in part.

At the time of his death the workman and the defendant were subject to the provisions of the workmen's compensation act. The plaintiff complied with all the requirements of the statute on her part and the court rendered judgment in her favor for the lump sum of $1872.

It is said the judgment should have been for $624, or fifty-two times the workman's average weekly earnings during his employment by the defendant. The statute reads as follows:

"SEC. 5. That section 11 of chapter 218 of the Session Laws of 1911, be and the same is hereby amended to read as follows: Section 11. *Amount of compensation.* The amount of compensation under this act shall be: (*a*) Where death results from injury: (1) If the workman leaves any dependents wholly dependent upon his earnings, an amount

equal to three times his earnings for the preceding year but not exceeding thirty-six hundred dollars and not less than twelve hundred dollars, provided, such earnings shall be computed upon the basis of the scale which he received or would have been entitled to receive had he been at work, during the thirty days next preceding the accident; and, if the period of the workman's employment by the said employer had been less than one year, then·the amount of his earnings during the said year shall be deemed to be fifty-two times his average weekly earnings during the period of his actual employment under said employer; provided, that the amount of any payments made under this act and any lump sum paid hereunder for such injury from which death may thereafter result shall be deducted from such sum; and provided, however, that if the workman does not leave any dependents, citizens of and residing at the time of the accident in the United States or the Dominion of Canada, the amount of compensation shall not exceed in any case seven hundred and fifty dollars." (Laws 1913, ch. 216, § 5.)

It will be observed that the amount of compensation is three times the workman's earnings for a year. Anticipating that difficulty might be encountered in computing earnings for a year the legislature provided a rule which applies to the facts of the present case. The period of the workman's employment with the defendant was less than a year, in fact less than a month within the year preceding his death. Therefore the amount of his earnings for a year were deemed to be fifty-two times his average weekly earnings during the period he was in the defendant's service. His average weekly earnings were twelve dollars. Fifty-two times this amount are $624, earnings for a year. Three times this sum are $1872, the amount of compensation and the amount of the judgment.

It is said that judgment should not have been rendered in a lump sum but that the plaintiff should have been awarded periodical payments according to her necessities so that in case of her death any unpaid balance would be saved to the defendant.

The statute leaves the character of the judgment to the discretion of the trial court.

"The judgment in the action, if in favor of the plaintiff, shall be ·for a lump sum equal to the amount of the payments then due and prospectively due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments as in an award." (Laws 1911, ch. 218, § 36.)

The court has frequently expressed itself on this subject. The question usually arises in cases involving incapacity of a

workman. In the very recent case of *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413, it was said:

"The theory of the legislature manifestly was that cases would arise in which the condition of the employee would be so marked that there would be little reason to anticipate improvement in earning capacity and that the circumstances would be such as would warrant the court in giving judgment for a lump sum available at once rather than for periodical payments as in an award. The kind of judgment that is to be rendered was left to the discretion of the trial court. The question now contended for was presented in *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244. It was there insisted that the theory of the act was that compensation should cease and payments should end when incapacity ceased and the case should be left open so that employers might obtain modification of the payments as the condition of the employee should improve. The answer to that contention was that:

" 'The workmen's compensation act confers express power upon the trial court to render judgment in a lump sum instead of making an award of periodical payments. In every case the trial court must exercise its judgment and discretion as to the best method of making compensation in the light of all the facts, and the result will not be disturbed on appeal except for an abuse of the power.' (Syl. ¶ 5.)

"In the more recent case of *Cain v. Zinc Co.*, 94 Kan. 679, 146 Pac. 1165, it was held that:

" 'Whether the judgment in such a case shall be for a lump sum, or for periodical payments, is expressly left to the discretion of the trial court.' (p. 680.)

"In arriving at its judgment the court considers the testimony as to the nature of the injury, its effect on the earning capacity, the duration of the incapacity and the likelihood of cure or improvement, and from all pertinent facts brought to its attention it determines whether the judgment shall be for periodical payments or for a lump sum on which payment may be enforced at once." (p. 728.)

The statute gives precisely the same power to the trial court in cases instituted by persons dependent upon a workman whose death results from an injury.

In many instances the position of the trial court is a difficult one. In the case of *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244, the solution of the problem of how long incapacity to earn wages will continue was discussed. Because the court exercises discretionary power in a matter peculiarly for its consideration its action is practically final. Consequently it is to be expected that district courts will act cautiously and candidly and not render lump-sum judgments for any other reason than that the welfare of the parties requires it. Whenever

McCracken v. Bridge Co.

such a judgment appears to be best under all the circumstances there should be no hesitation in pronouncing it.

In this case there is no possible hope for improvement like restoration of earning capacity to an injured workman. The son is dead. The mother was entirely dependent upon his earnings for her own continued existence independent of charity. She is utterly destitute. She has no income or sources of income of her own. She is physically unable to earn her own living, and she is sixty-two years old. The statute gave her $1872. With this sum she must establish herself according to her helplessness and then employ the remainder so that it may last to the end of her days, for she will never have any more. It does not take a financier to understand how little she has, nor a sentimentalist to appreciate her needs. Every man has or has had a mother in fortunate or unfortunate pecuniary circumstances. Now an insurance company, using the name of the defendant as appellant, sees in this situation a chance to make some money. Probably the plaintiff can not attain her life-expectancy and the insurance company wants this judgment doled out to her in installments "as her necessities require"—no comfort, nothing to inspirit or gladden, but as her necessities may require—so that should she die soon part of the judgment will not have to be paid. More than this, it is said that the judge of the district court was so callous of conscience that he abused his official power in not withholding some of the money from this aged, destitute and helpless woman.

In order to debate a subject with profit the minds of the disputants must be capable of meeting on a common plane in common comprehension. It is useless to discuss the dignity of labor with a professional gambler. It is useless to discuss the rewards and the happiness of virtue with a procuress. In this case the insurance company reveals itself in such a way that it is not necessary for the court to do more than to express its opinion that the district court did not abuse its discretion.

The fact is this is not a lawsuit. It is an abuse of the judicial machinery of the state, set up for the purpose of accomplishing justice, by a contumacious corporation which chooses to disrespect and to defeat as far as it can a social-welfare statute of this state. There was no controversy be-

tween the plaintiff and the bridge company in whose service the plaintiff's son was killed. There was no controversy between the attorneys for the plaintiff and the attorney for the defendant. They knew the law and the facts were not disputed. The case was determined in the district court on admissions supplemented by a little oral testimony by the plaintiff. No stenographer was called to take the proceedings, because of their simplicity and uncontroversial character. The case was a typical one for the substantially automatic operation of the workmen's compensation law, and the bridge company was anxious to make compensation at once to the plaintiff for the loss of her sole means of support. But the insurance company informed the defendant that liability should be established in the court of last resort or the indemnity the defendant had purchased would not be paid. So an appeal had to be taken. Five grounds were stated. The first was that the judgment was contrary to the evidence, which, of course, was too frivolous to serve even as make-weight. The other four presented in four different ways the stale subject of judgment for a lump sum. It is submitted that the statute quoted above relating to the form of the judgment in compensation cases is too plain and unambiguous for fair minds of ordinary acumen to differ respecting the power conferred. This court had patiently spelled out time and again the legislative meaning and purpose, which were already too clear to be misconceived, and the attorney for the defendant had too much respect for himself and for the court to argue the matter. The point concerning the amount of the judgment, which is too much dignified by calling it a point, was pressed into service at the hearing.

The court does not possess adequate means of dealing with this kind of lawlessness. The attorney for the defendant who signs the papers is not amenable to discipline because he was acting under duress of the peril to his client, who he assured the court was and always has been anxious to pay. The real culprit is not in court or subject to process. Because appeals of this kind, serving no purpose except to oppress claimants and to frustrate the law, are common in compensation cases the court has adopted the practice of disposing of them sum-

marily on motion to dismiss for want of merit. In the case of *Cain v. Zinc Co.*, 94 Kan. 679, 146 Pac. 1165, it was said:

"The workmen's compensation act contemplates the speedy adjustment of claims under it. If the determination of the amount to be paid must await the relatively slow process of litigation through an appellate court its main purpose will be defeated and its beneficent operation thwarted. In a case of this character the plaintiff may well raise the question whether the issue of the appeal is so far doubtful as to require the ordinary routine to be followed; and where upon the preliminary hearing resulting from such challenge the court is fully satisfied that no grounds for a reversal exist, the judgment should be made final without further delay." (p. 681.)

Some time must be consumed even when this course is pursued. In this instance the plaintiff's son was killed on December 29, 1914. The judgment was not rendered in the district court until May 10, 1915. The appeal was taken on June 1. The motion to dismiss was filed on June 29. The case was heard on July 7, and the order of dismissal was entered at the first ensuing consultation of the court, which occurred on July 9. The mandate of this court was ordered to be forwarded to the district court at once. However, by means of an utterly groundless resistance of payment accomplished by an abuse of judicial proceedings, the plaintiff will have been kept out of her money for the greater part of a year.

Insurance companies say they are preyed upon by "snitch" lawyers, who secure lump-sum judgments for permanent injuries to the spine. If this be true in some instances the course pursued in this case is not less disreputable and affords no remedy. It is quite possible that district courts have sometimes hesitated to render judgments for compensation payable in installments, because of the practical certainty that workmen would be hounded into unjust compromises by one proceeding after another brought nominally to test restoration to earning capacity.

It is not considered good form for the court to make suggestions to the legislature, which body has sole authority to make the law, and which reserves to itself the power to regulate practice and proceedings in court, except in the most minor matters. Some disagreeable facts, however, have been set down in this opinion, plainly and in detail, which not only disclose a condition, but which ought to awaken some interest in some quarters.

ADDENDUM.

The foregoing opinion was filed on July 28, 1915, just before the summer recess of the court. In due time The Fidelity and Casualty Company of New York filed a motion asking for a modification of the opinion. The motion states in substance that the Fidelity and Casualty Company, the insurer of the defendant, The Missouri Valley Bridge and Iron Company, was in fact willing to abide by the judgment of the district court awarding the plaintiff compensation in a lump sum, but that the insurance department of the state of New York, the state of its incorporation, would not permit it to pay the judgment without an appeal being taken. The motion states that the facts presented will be sustained by proof, and a preliminary showing as to the nature of such proof has been made. If upon the hearing of the motion the proof should be as indicated, some of the language of the opinion will not apply to The Fidelity and Casualty Company of New York.