No. 21,205.

RALPH G. BUNDY, *Appellee and Appellant*, v. THE PETROLEUM PRODUCTS COMPANY, *Appellant and Appellee*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Personal Injuries—Basis for Computing "Average Weekly Earnings."* Under the Kansas statute a workman who has been engaged for a specific employment at a fixed amount may recover from his employer compensation based upon the earnings of persons in that grade of service, for an injury received while working for less wages in a different grade to which he had been assigned for a short time by reason of a temporary cessation of the work for which he was employed.

2. SAME — *Judgment — Deductions for Benefits Received — Hospital Charges.* The provision of the workmen's compensation act that "in fixing the amount of the payment allowance shall be made for any payment or benefit which the workman may receive from the employer during his period of incapacity" authorizes an allowance for hospital charges of a reasonable amount actually and necessarily incurred for the benefit of the workman and paid by the employer.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed May 11, 1918. Modified.

*W. E. Ziegler*, of Coffeyville, and *O. C. Mosman*, of Kansas City, Mo., for the appellant.

*Thomas E. Wagstaff*, of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: Ralph G. Bundy received an injury while in the employ of the Petroleum Products Company, which resulted in permanent total disability. He recovered a judgment under the workmen's compensation act, from which the defendant appeals.

1. The plaintiff testified to this effect: He was employed to operate an acetylene welder. As the defendant had not yet bought its machine, he was directed to work as a helper building tanks, and did so for fifteen days. An agent then arrived

with the machine, and the plaintiff worked with him for five days. He then went back to work upon a tank, helping until the defendant decided whether it would buy the machine. His injury was received that evening. As a tank builder he was paid at one time twenty cents an hour, and at the next payment twenty-two and a half cents. As soon as the acetylene welder machine arrived he was to work on that and receive forty cents an hour. A regular tank builder received forty-five and forty-seven and a half cents an hour, depending on whether he was a riveter, heater, or corker. The plaintiff was a "heater." He was allowed compensation on the basis of forty cents an hour. The defendant maintains that the award should have been computed upon the basis of the wages he was receiving for the work he was doing when hurt—twenty-two and a half cents an hour.

The statute as it existed at the time of the accident provided for an allowance to an injured workman "equal to fifty percent of his average weekly earnings" computed according to the following rule:

"'Average earnings' shall be computed in such manner as is best calculated to give the average rate per week at which the workman was being remunerated for the fifty-two weeks prior to the accident: *Provided*, That where by reason of the shortness of time during which the workman has been in the employment of his employer, or the casual nature of the terms of the employment, it is impracticable to compute the rate of remuneration, regard shall be had to the average weekly amount which, during the twelve months previous to the accident, was being earned by a person in the same grade employed at the same work by the same employer, or, if there is no person employed, by a person in the same grade employed in the same class of employment and in the same district." (Gen. Stat. 1915, § 5906.)

The trial court must be deemed to have found, and the evidence warranted the finding, that the plaintiff's regular work under his employment by the defendant was the operation of the acetylene welder, and that the work he was doing at the time of his injury was temporary, his assignment thereto for a short time being brought about by exceptional circumstances. In that situation we think the trial court was justified in holding that the plaintiff's grade was that of a heater or operator of a welding machine, and not that of a mere assistant, and that his compensation was to be computed on that basis. The language

quoted from our statute is substantially the same as that of the English act, the effect of which under circumstances similar to those here presented in thus stated:

"In fixing the compensation of an injured workman who had served the same employer in different capacities, the compensation must be based on the wages the workman was earning in the grade of employment in which he met with the accident. But if the workman is regularly employed in one grade, and is temporarily transferred to another grade in an emergency, the wages of the latter grade do not determine his compensation." (Note, L. R. A. 1916 A, 151.)

The industrial accident board of Massachusetts acted upon this theory in a case where a workman whose regular employment was that of a "brewery worker," receiving $18 a week, was allowed compensation on that basis, although the task at which he was engaged at the time of his injury was helping in the digging of a well—work for which a day laborer received but $13.50 a week. (*Coyle v. Massachusetts Employees Ins. Ass'n,* 2 Mass. Workm. Comp. Cas. 704, quoted from in 11 N. C. C. A. 380, 381.) The defendant cites as sustaining its view a recent Wisconsin case. There a bystander lost his life while responding to a call made upon him by a city marshal for aid in making an arrest. His widow was allowed to recover compensation from the city, based upon the earnings of one doing policeman's service in that locality, notwithstanding that in his own occupation—that of a plumber, not in the city's employ—he had received a different and presumably a larger income. (*West Salem v. Industrial Commission,* 162 Wis. 57.) The rule we declare here is that under our statute a workman who has been engaged for a specific employment at a fixed amount may recover from his employer compensation based upon the earnings of persons in that grade of service, for an injury received while working for less wages in a different grade to which he had been temporarily assigned. This principle obviously does not apply to the case of one who is injured in the course of casual employment by a person other than his regular employer.

Complaint is made of the admission of certain evidence, but the competence of a part of it is established by what has already been said, and no prejudice appears from the admission of the remainder.

2. The trial court allowed the defendant a credit on account of payments made for medical attendance, nursing and similar services. It refused, however, to allow a credit of $114.75, claimed on account of a hospital bill incurred. The defendant complains of the latter ruling. The ground of the disallowance is not definitely shown. It may have been because the payment had not been made at the time judgment was rendered. The plaintiff objects to the allowance because the statute does not contemplate such a credit, because it was not shown that the amount claimed was reasonable and was necessarily incurred, and because the claim, if valid, is one that can be enforced against him directly by the original claimant. It was intimated in *Cain v. Zinc Co.*, 94 Kan. 679, 682, 146 Pac. 1165, 148 Pac. 251, that such allowances are authorized by the provision of the statute that "allowance shall be made for any payment or benefit which the workman may receive . . . during his period of incapacity." (Gen. Stat. 1915, § 5906, subdiv. *e*.) We think the words "or benefit" in the clause quoted are intended to cover payments made for reasonable charges for necessary medical attendance and services of like nature. (Boyd's Workmen's Compensation, § 535.) The defendant's showing was technically defective in that it was not made to appear affirmatively that the charges were reasonable or the services necessary. There is nothing in the record, however, to suggest the contrary, and the hearing was conducted rather informally. It has not been proved that the payment has actually been made, but we do not understand that an issue is made on that point. We think the ends of justice will be best served by reducing the judgment by the amount of this claim. Such a reduction is ordered, unless the plaintiff shall within twenty days file in this court a verified denial of the reasonableness and necessity of the charge, or of the payment of the amount, in which case further consideration will be given the matter.

The judgment is modified accordingly, but as no actual error is shown in the rulings of the trial court the costs of the appeal will not be divided, but will be taxed to the defendant.