No. 25,393.

FELIX LEVINSKY, *Appellee,* v. WESTREN COAL AND MINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Injuries—Failure to Agree on Amount of Compensation—Workman Entitled to Arbitration.* Under the workmen's compensation act, an employee who is accidentally injured and who is thereby totally incapacitated to perform manual labor is entitled to arbitration concerning the duration of his incapacity where the employer acknowledges liability and pays, until the hearing before the arbitrator, the maximum sum per week provided by statute for total incapacity, but attempts to settle for $780, a sum greatly less than the aggregate amount of the maximum payment per week provided for a period of eight years for total incapacity.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLEY, judge. Affirmed.

*W. P. Waggener, J. M. Challis,* both of Atchison, and *J. J. Campbell,* of Pittsburg, for the appellant.

*Sylvan Bruner, Phil Callery,* and *J. E. Callery,* all of Pittsburg, for the appellee.

45—115 KAN.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal by the defendant from an award made by an arbitrator in a workmen's compensation case and from the judgment of the district court approving the award and denying a motion to review it and set it aside.

The plaintiff was an employee of the defendant, which was operating a coal mine in Crawford county. Both were under the workmen's compensation act. The plaintiff was injured. The defendant paid the plaintiff $15 a week compensation after the first week and continued to make that payment until the hearing before the arbitrator. Before the proceedings to arbitrate were commenced in the district court, the defendant attempted to settle with the plaintiff by the payment of $780. On that effort being made, the plaintiff consulted an attorney, and this action was commenced. After the application to secure arbitration had been filed in the district court, a number of questions were submitted to the arbitrator at the request of the defendant. A hearing was had by the arbitrator who made a report which was approved by the district court. From the order approving the report, the defendant appealed to this court. That appeal was dismissed by the court at the October, 1923, session. After that appeal was taken, but before it was dismissed, the defendant filed a motion in the district court to review the award of the arbitrator and set it aside. That motion was presented after the appeal had been dismissed and was submitted on the evidence introduced before the arbitrator. The motion was denied, and the award was again approved by the court. This appeal was then perfected from the award, from the order denying the motion to review the award and set it aside, and from the order again approving the report of the arbitrator.

On the hearing before the arbitrator, the defendant made the following admission:

"It will be admitted that the plaintiff was in the employ of the Western Coal & Mining Company, the defendant, as a coal digger, in Crawford county, Kansas, in February, 1921, at its Mine Number 15, and that he sustained an injury or suffered injuries, which entitled him to compensation the 3rd day of February, 1921, while working in Mine Number 15 of the defendant as a coal miner, which injury rose out of and in the course of his employment by the defendant as a coal miner. It will be further admitted that the plaintiff was at that time, and had been for a considerable period before that, working under the provisions of the Kansas Workmen's Compensation Law, and that

the defendant, the owner and operator of Mine Number 15, was, on that date, and for a long time prior to that date, had been operating Mine Number 15 under the provisions of the Kansas Workmen's Compensation Law. It will also be admitted that, omitting the first week, after the plaintiff's injury, the defendant paid him $15.00 per week compensation under the statute, at the rate of $15.00 per week, and has continued to pay that and is paying that now, and was, at the time of the appointment of the Arbitrator, and is now, at this date, paying that amount of compensation and the last payment of compensation was made on the last regular miners' pay-day in this district, on April 14th, 1923, and that the next payment of compensation will be due on the 28th day of April, 1923. It will also be admitted in the record further that plaintiff's injuries were treated by Dr. C. A. Smith and Doctor C. H. Smith, physicians, of Pittsburg, Kansas. It will also further be admitted that plaintiff was in the employ of the defendant company for more than one year prior to the date of his injury and that his average weekly earnings for fifty-two weeks prior to the date of his injury, were, in amount, sufficient to entitle him to $15.00 per week compensation for any total disabilities suffered by him as a result of accident."

The arbitrator found that—

"The defendant conceded the plaintiff was entitled to compensation and proceeded to pay him compensation at the rate of $15.00 per week from the date of his injury less the first week to the date of the hearing, there being no compensation due at the date of the hearing."

The defendant in its brief says:

"The record in this case presents, as we view it, but one question and that is whether an employer operating under the compensation act, recognizing its liability for the maximum compensation which can be received by one of its injured employees, and after fully complying with the terms of the law and evincing no intention of discontinuing the payment of compensation at the maximum amount, can it be compelled to submit to an arbitration of a matter over which there is no dispute."

The offer to pay the plaintiff $780 in settlement of his claim for compensation while the defendant was paying $15 a week, in effect, established a controversy between the plaintiff and the defendant concerning the duration of time for which the plaintiff should receive compensation. The defendant's attempt to settle for $780 was inconsistent with its acknowledged liability to pay compensation at the rate of $15 a week. The attempted settlement showed a desire, if not an intention, on the part of the defendant to avoid paying the compensation fixed by law for a period of eight years. The plaintiff thereafter had the right to ask arbitration to settle the differences that existed between him and the defendant concerning compensation. There was no agreement to pay com-

pensation so long as the plaintiff's disability should last, nor any admission that the plaintiff was permanently and totally disabled from performing manual labor. The evidence showed that the plaintiff was so injured. This court has, in effect, said that until there is an agreement concerning the extent and duration of the disability, there is a question for arbitration. *Gorrell v. Battelle*, 93 Kan. 370, 376, 144 Pac. 244, declared that—

"Under the terms of the statute the periodical payments which are the units of compensation are to be extended 'during incapacity,' not exceeding eight years. The duration of incapacity becomes, therefore, a subject for the determination of the trial court, and is to be determined in the same way as other questions of fact. The task will frequently be difficult to discharge because of the speculative nature of the subject and because of the moral factor involved, the character and ability of the injured workman."

A similar principle was followed in *Sillix v. Armour & Co.*, 99 Kan. 426, 162 Pac. 278, where the court said:

"It is not necessary in order to constitute a dispute between the parties that the employee should state in precise terms just what he demands, or that the claims of either party be stated succinctly and in detail, provided there be a lack of agreement or arbitration. The employer may admit the injury and his liability generally under the compensation act, but if he and the injured employee do not agree as to the nature and extent of the injuries, so far as these things affect the duration of the disability, and the difference between them are not submitted to arbitration, a dispute exists which authorizes the employee to maintain an action to have the facts determined." (Syl. ¶ 1.)

The judgment of the district court is affirmed.