The court below held that the Industrial Commission committed error in its conclusions of law in allowing the plaintiff compensation for the period of temporary total disability under section 29 of the Workmen's Compensation Act in addition to specific compensation under sections 31 of said act, and reversed the award of the Commission for temporary total disability. Plaintiff excepted and assigned error and appealed to the Supreme Court.
This matter has been fully discussed in Rice v. Roll and Panel Co., Vol. 1, p. 341, Advance Sheets, North Carolina Industrial Commission, opinion by Wilson, Commissioner for Full Commission. The opinion, in part: "This cause came on for review before the Full Commission, 24 February, 1930, at Raleigh, North Carolina, upon the appeal by the carrier from the decision of Commissioner Dorsett, filed 31 January, 1930, to decide the one issue, to wit: Has the Commission the right to award compensation for temporary total disability in addition to specific where there is an amputation?Statement of Case: On 30 October, 1929, John Rice, the claimant, was regularly employed by the Denny Roll and Panel Company, at an average weekly wage of $25.13. On that date the claimant suffered an injury by accident resulting in some badly lacerated and amputated fingers on his left hand. The evidence tends to show that the fingers were either amputated at the time of the accident, or immediately thereafter. Dr. Burrus of the Burrus Clinic of High Point, North Carolina, was the attending physician, and testified that because of plaintiff's injury it was necessary to amputate the distal phalange of the second finger, and to amputate more than half of the distal phalanges of the third and fourth fingers. Upon the evidence, the Full Commission makes the followingFindings of Fact: 1. That the parties to this proceeding are bound by the provisions of the North Carolina Workmen's Compensation Act. 2. That John Rice, the claimant, on 30 October, 1929, suffered an injury by accident that arose out of and in the course of his employment, and that as the result of said accidental injury, plaintiff has lost the distal phalange of the second and more than half of the distal phalanges of the third and fourth fingers of his left hand. 3. That the plaintiff was temporarily totally disabled for a period of seven weeks and two days immediately following the accident; and that plaintiff is entitled to compensation for temporary total disability in addition to the specific award for the loss of part of members. 4. That the average weekly wage was $25.13." Theconclusions of law are set forth, which we need not repeat. The Award: "For temporary total disability the plaintiff is entitled to receive *Page 156 
sixty per cent of his average weekly wage for seven weeks and two days, in addition to this, for the specific loss of parts of the fingers as per schedule of injuries set out in section 31, the plaintiff is entitled to receive sixty per cent of his average weekly wage for a period of fifteen weeks to cover the loss of one-half of the second finger; for a period of ten weeks to cover the loss of one-half of the third finger; and for a period of seven and one-half weeks to cover the loss of the fourth finger."
The sole question for our determination: Where an employee by accident arising out of and in the course of his employment loses by immediate amputation certain parts of three fingers, is he entitled to compensation under section 29 of the Workmen's Compensation Act for the period of this temporary total incapacity or disability during the healing period, in addition to the amount allowed for loss of the members under section 31 of the said act, the payment of compensation under section 31 starting on the termination of payment under section 29? We think so.
Section 29 is as follows: "Where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total disability, a weekly compensation equal to 60 per centum of his average weekly wages, but not more than eighteen dollars, nor less than seven dollars, a week; and in no case shall the period covered by such compensation be greater than four hundred weeks, nor shall the total amount of all compensation exceed six thousand dollars. In case of death the total sum paid shall be six thousand dollars, less any amount that may have been paid as partial compensation during the period of disability, payable in one sum to the personal representative of deceased."
In Smith v. Light Co., 198 N.C. at p. 621, it is held that "the last clause of section 29 is totally repugnant to the definite method of settlement prescribed in sections 38 and 40." Compensation for "death by accident arising out of and in the course of the employment" whether dependents or not are relegated to sections 38 and 40. Reeves v.Parker-Graham-Sexton, Inc., post, 236.
Section 31 has a schedule of injuries and fixes the rate and period of compensation.
This matter has been up several times before the Industrial Commission, and the unanimous decisions of the Commission sustain plaintiff's contention. Adams v. Buffalo Snowbird Co., Vol. 1, p. 232; Kennedy v. Collins Granite Co., Vol. 1, p. 346, Advance Sheets, N.C. Industrial Commission.
The defendants contend, and correctly so, quoting 25 R. C. L., p. 964: "There is a marked distinction between liberal construction of statutes, *Page 157 
by which courts, from the language used, the subject-matter, and the purposes of those framing them, find out their true meaning, and the act of a court in ingrafting upon a law something that has been omitted, which the court believes ought to have been embraced. The former is a legitimate and recognized rule of construction, while the latter is judicial legislation, forbidden by the constitutional provisions distributing the powers of government among three departments, the legislative, the executive and the judicial."
In Johnson v. Asheville Hosiery Co., ante, 38, speaking to the subject, it is said: "It is generally held by the courts that the various compensation acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation."
Under section 60 the findings of fact by the Commission shall be conclusive and binding. We may add that the rulings of law by the Commission are persuasive and ought to have weight on appeal to this Court.
Section 2(i): "The term `disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."
In section 29, What is incapacity? "Any deprivation of power to work as the result of injury is `incapacity,' within the meaning of the provisions of the Workmen's Compensation Act (Laws 1911, ch. 218) section 12 and section 11, as amended by Laws 1913, ch. 216 sec. 5, authorizing the allowance of compensation for incapacity." Gorrell v. Battelle, 144 P. 244, 246, 93 Kan. 370.
The plaintiff, under the well understood meaning of the word "incapacity" or "disability" to earn the wages which he was receiving at the time of the injury, was for seven weeks and two days during the healing period of the injury totally incapacitated for work. This disability or incapacity was temporary, but total, during said period, and the compensation is fixed in said section for such disability or incapacity.
In 25 R. C. L., statutes, part section 248, p. 1009, we find: "The construction of a statute can ordinarily be in no wise affected by the fact that it is subdivided into sections or titles. A statute is passed as a whole and not in parts or sections and is animated by one general purpose or intent. Consequently the several parts or sections of an act are to be construed in connection with every other part or section and all are to be considered as parts of a connected whole and harmonized, if possible, so as to aid in giving effect to the intention of the lawmakers."
When the period of temporary disability or incapacity ceases, what is plaintiff's compensation for the injury or loss to his members? *Page 158 
Section 31, says: "In cases included by the following schedule, the disability in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be specified therein, to wit: "For the loss of" etc., under the section, specifying the particular member. For the specific injury or loss the plaintiff is entitled to receive sixty per cent of his average weekly wage for a period of fifteen weeks to cover the loss of one-half of the second finger; for a period of ten weeks to cover the loss of one-half of the third finger; and for a period of seven and one-half weeks to cover the loss of one-half of the fourth finger.
Is this section 31 exclusive or should it be construed in pari materia
with 29, as was done by the Commission? We think the sections should be construed together. We are led to this conclusion by the purpose of the act — indicated by its name — compensation. It would be a narrow construction to allow the plaintiff no compensation for seven weeks and two days for the healing period he was temporarily totally incapacitated for work and only get what is allowed him under section 31 for the loss of the member. If the injury healed immediately, he could go back to work to support himself and dependents. When it does not, and he is confined for seven weeks and 2 days, how is he and his dependents cared for? Should they be cared for out of the compensation allowed him for the specific loss of his fingers? This seems to us to be a narrow and hard ruling under a reasonable construction of the sections of the act and we cannot so hold.
Section 29 covers total incapacity for work resulting from the injury and section 31 covers "loss" for the injured member, and the language of the latter section "the compensation so paid for such injury" and then again "The disability in each case shall be deemed to continue for the period specified." The compensation under 31 is paid for the injury or loss for the member and not for total incapacity for work resulting from the injury under 29.
Legislative reports may persuasively show that the particular statute in question should not be narrowly or restrictively interpreted, although they cannot be taken as giving to the law a meaning not fairly within its word.St. Louis I. M. S. R. Co. v. Craft, 238 U.S. 648, 35 Sup. Ct. Rep., 704.
The General Assembly seems to have considered with care the provisions of section 31. In some of the states the compensation for loss or injury for some member is "in lieu of all other compensation." Section 32 of the original Cannady-Haywood Senate Bill, No. 83, on file in the Secretary of State's office, File No. 526, reads: "In cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so *Page 159 
paid for such injury shall be specified therein, and shall be in lieu ofall other compensation." Section 31 in the Compensation Law, as finally adopted, which corresponds to section 32 of the original bill, reads: "In cases included by the following schedule, the disability in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be specified therein, to wit: "For the loss of" specifying the particular members, etc. The General Assembly left out of the clause, "and shall be in lieu of all other compensation."
We think this throws light on the construction of these sections. We do not think section 30 in any way militates against the construction put on section 29 and 31, as the beginning of section 30 says "except as otherwise provided in the next section hereafter."
The decisions are not uniform over the nation, of course so many different acts are to be construed with different phraseology. It is contended by plaintiff, in a carefully prepared brief, that the weight of authority is in conformity to the opinion of the Industrial Commission on the subject. Plaintiff and the Industrial Commission cite many decisions tending to uphold their view. On the other hand, the defendants contend to the contrary and have a comprehensive and analytical brief tending to uphold their side of the contention. This is a new act, and we are deciding the particular questions as they arise. We see no good purpose in going into a long discussion of the cases cited on either side.
The judgment of the court below is
Reversed.