ELECTRON CORPORATION, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, the Colorado Division of Labor, Joseph L. Salazar, and the Subsequent Injury Fund of Colorado, Respondents.

No. 90CA0544.

Colorado Court of Appeals, Div. C.

April 25, 1991.

Rehearing Denied May 23, 1991.

Certiorari Granted Sept. 23, 1991.

Cross–Petition for Certiorari Denied Sept. 23, 1991.

Glasman, Jaynes & McBride, Ronald C. Jaynes and Lydia W. Daugherty, Denver, for petitioner.

Douglas R. Phillips, Denver, for respondent Joseph L. Salazar.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents, Subsequent Injury Fund, Indus. Claim Appeals Office and Div. of Labor.

Opinion by Judge MARQUEZ.

Electron Corporation, a self-insured employer, contests an order of the Industrial Claim Appeals Office (ICAO) refusing to apportion liability against the Subsequent Injury Fund (SIF) for permanent total disability benefits payable to the claimant, Joseph L. Salazar. We set aside the order.

The claimant was employed at Electron for twenty-one and one-half years, during which time he was exposed to significant amounts of silica dust and asbestos fibers. In 1977, at age 38, claimant was diagnosed as having silicosis and was awarded permanent partial disability of fifty percent as a working unit. Claimant continued to work for Electron in the same capacity, experiencing further injurious exposures to silica dust and asbestos fibers. His condition deteriorated until, in May 1987, he became totally and permanently disabled from silicosis.

The Administrative Law Judge (ALJ) found no evidence that claimant had been injuriously exposed to silica dust in any employment prior to working for Electron. Accordingly, the ALJ ruled that SIF was not liable for contribution under § 8–51–112, C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–41–304, C.R.S. (1990 Cum. Supp.)).

On review to the Panel, Electron argued that the applicable statute governing SIF liability is not § 8–41–304, but rather, § 8–51–106, C.R.S. (1986 Repl.Vol. 3B) (now codified with amendments not pertinent here at § 8–46–101, C.R.S. (1990 Cum. Supp.)), the statute requiring SIF contribution for cumulative permanent disabilities. The Panel disagreed. Relying solely upon *Denver v. Hansen*, 650 P.2d 1319 (Colo. App.1982), the Panel ruled that SIF liability for occupational diseases is limited to the specific provisions contained in § 8–41–304(2), and that the ALJ did not err by failing to consider or apply § 8–46–101(1).

Electron contends that the failure to require SIF contribution under the facts of this case would circumvent the legislative policy under § 8–46–101 of encouraging employers to hire partially disabled workers. We agree.

In *Subsequent Injury Fund v. Grant*, 812 P.2d 1183 (Colo.App.1990), we recognized that the two statutory sections at issue here were enacted for different purposes.

Section 8–41–304 applies to occupational disease claims in which a claimant was injuriously exposed to the same occupational hazards in two or more employments. The statute codifies the "last injurious exposure rule," which assesses liability upon the employer in whose employment the employee was last injuriously exposed to the hazards of the disease, or between the last employer and the Subsequent Injury Fund for the specific occupational hazards enumerated under § 8–41–304(2). *See Subsequent Injury Fund v. State Compensation Insurance Authority*, 793 P.2d 580 (Colo.1990).

The statute reflects a legislative decision to relieve workers disabled by occupational diseases from the "almost impossible task" of apportioning liability between multiple employers. *Union Carbide Corp. v. Industrial Commission*, 196 Colo. 56, 581 P.2d 734 (1978); *see generally* 4 A. Larson, *Workmen's Compensation Law* § 95.24 (1990).

In contrast, § 8–46–101, the subsequent injury statute, apportions liability between employers and the Subsequent Injury Fund in cases in which *cumulative permanent partial disabilities* have combined to render an employee totally and permanently disabled. The statute makes no distinction between accidental injuries and occupational diseases. *See Subsequent Injury Fund v. Grant, supra.* The legislative purpose underlying § 8–46–101 is to encourage employers to hire partially disabled persons or, as in the case here, to retain employees who become partially disabled in the course of their employment. *See Subsequent In-*

*jury Fund v. Thompson,* 793 P.2d 576 (Colo.1990); *see generally* 2 A. Larson, *Workmen's Compensation Law* § 59.30 (1989).

■ With these distinct statutory purposes in mind, we turn to the facts of this case. The evidence is. undisputed that the claimant's only exposure to silica dust and asbestos fibers occurred during his employment at Electron Corp. Therefore, since the claimant did not sustain multiple exposures while working for *successive* employers, § 8–41–304 has no application to this case. Rather, the dispositive inquiry here is whether the Subsequent Injury Fund is liable for contribution under the terms of § 8–46–101.

■ The SIF maintains that its liability for occupational diseases is limited to the specific occupational hazards enumerated under the last injurious exposure rule, § 8–41–304(2), and that it has no liability for occupational diseases pursuant to § 8–46–101. We rejected that argument in *Subsequent Injury Fund v. Grant, supra,* on the ground that such a result would circumvent the important policy considerations underlying § 8–46–101. We follow that holding here, but we base our ruling not only upon the policy considerations set forth in § 8–46–101, but on the legislative history of the two statutes.

Prior to 1975, occupational diseases and accidental work injuries were treated under separate legislative acts, the Occupational Disease Disability Act, Colo.Sess. Laws 1945, ch. 163, § 1, et seq. at 432, and the Workmen's Compensation Act, Colo.Sess. Laws 1919, ch. 210, § 1, et seq. at 700. The two statutes here, § 8–46–101 and § 8–41–304, were both enacted prior to the merger of the two Acts in 1975.

The Subsequent Injury Fund was established in 1945 under the Workmen's Compensation Act. *See* Colo.Sess. Laws 1945, ch. 164, Section 1, § 355 at 447. That same year, the General Assembly enacted the Occupational Disease Disability Act. *See* Colo.Sess. Laws 1945, ch. 163, § 1, et seq. at 432.

The latter Act expressly provided, with certain specific exceptions, for application of the Workmen's Compensation Act to proceedings under the Occupational Disease Disability Act; however, § 355 of the Workmen's Compensation Act, requiring SIF contribution for subsequent injuries, was one of the sections specifically exempted from application to the Occupational Disease Disability Act. *See* Colo.Sess. Laws 1945, ch. 163, § 31 at 445.

In 1961, the General Assembly amended both Acts to provide for limited SIF liability under the predecessor statute to § 8–41–304(2) of the Occupational Disease Disability Act. *See* Colo.Sess. Laws 1961, ch. 165, § 81–12–7 at 509 and § 81–18–13(2) at 500.

Then, in 1975, the General Assembly repealed the Occupational Disease Disability Act and reenacted and incorporated portions of the Act into the Workmen's Compensation Act. The legislative intent in merging the two Acts was to provide a single, unified Act for both accidental injuries and occupational diseases. *See* Tape Recording of the Senate Business Committee, 50th General Assembly, First Session (May 19, 1975); *see Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo.App. 1983).

The new, consolidated Act retained the last injurious exposure rule for occupational disease claims involving multiple exposures in successive employments. *See* Colo.Sess.Laws 1975, ch. 71, § 8–51–112 at 304. However, in a departure from the previous statutory scheme, in which SIF liability for occupational diseases had been limited to the specific conditions enumerated under § 8–41–304(2) and its predecessor statute, the new consolidated Act repealed the specific reference to the Occupational Disease Disability Act and provided for SIF liability under *all* provisions of the new Act:

> "The sums provided for the subsequent injury fund created by this section shall be used to make such compensation payments as may be required by the provisions of ~~the "Colorado Occupational Disease Disability Act"~~ ARTICLES 40 to 54 OF THIS TITLE."

*See* Colo.Sess.Laws 1975, ch. 71, § 8–51–106(4) at 302.

The inclusive language was consistent with the legislative intent of providing a single, unified compensation scheme for both accidental injuries and occupational diseases. Moreover, we believe that if the General Assembly had intended to restrict SIF liability for occupational diseases to the specific apportionment scheme and occupational hazards enumerated under § 8–41–304(2), then such a restriction would have been expressly stated.

A court cannot infer exemptions to a statute that would circumvent legislative intent. *See Karoly v. Industrial Commission,* 65 Colo. 239, 176 P. 284 (1918). Here, there is nothing in the statutory language of either § 8–41–304 or § 8–46–101 to support the limitation urged by the SIF. Moreover, such a limitation would be contrary to both the intent of encouraging the employment of partially disabled workers under § 8–46–101, and the legislative intent of providing a single, unified compensation scheme for both accidental injuries and occupational diseases.

*Denver v. Hansen, supra,* on which the Panel relied, is factually distinguishable because the worker in that case did not have a prior permanent industrial disability as required for application of § 8–46–101.

We hold that § 8–41–304 and § 8–46–101 serve different purposes and do not conflict. *See Moran v. Carlstrom,* 775 P.2d 1176 (Colo.1989). Accordingly, we conclude that the SIF is liable for contribution under § 8–46–101 if, as here, a worker is totally and permanently disabled by cumulative partial disabilities arising out of the same occupational hazard encountered during continuous employment for the same employer. To the extent that *Denver v. Hansen, supra,* can be read to support a contrary result, we decline to follow that case here.

Because of our disposition, we do not address the employer's equal protection argument.

The Panel's order is therefore set aside, and the cause is remanded with directions that the Administrative Law Judge should apportion liability between the employer and the SIF.

PIERCE and RULAND, JJ., concur.